ELECTRONICALLY FILED
11/21/2022 4:15 PM
27-CV-2022-900217.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA R. BENNETT, CLERK

## ATTACHMENT II(D) ACTS UNDER COLOR OF MUNICIPAL LAW:

Plaintiff Patrick Braxton is an African American male who lived in Newbern and worked for several years as a volunteer firemen for the City. On or about July 2020, Plaintiff decided to run for mayor of the town of Newbern, Alabama. He was told by an official that the Newbern city hall is required to have the documents for candidacy readily available for applicants. Braxton went to the Newbern city hall and asked then mayor, Haywood "Woody" Stokes III for the candidacy documents.

On or about July 2020, Defendant Haywood "Woody" Stokes III was a Caucasian male who was acting as the Mayor of Newbern vested with real and apparent authority granted to him by the City and its City Council's rules, resolutions, and customs. Newbern is a small municipality located in Hale County whose population is approximately 80% Black/African American and 20% White/Caucasian. Newbern has a mayor and city council that promulgate laws in the form of City Ordinances and City Resolutions that govern the town's resources. For the last two decades, the City council and mayor have conspired together to promulgate city ordinances, resolutions, and customs that prevent the City from having elections because the democratic elections would favor the majority African American population.

While acting in his official capacity as mayor, Defendant Woody told Braxton that Newbern cannot hold elections. Woody knew and/or should have known that this statement was patently false. On information and belief, Defendant Woody intentionally and knowingly told Plaintiff this misrepresentation so that Plaintiff would not timely file the documents required to declare for the mayoral race or otherwise attempt to become Newbern's first Black Mayor. From July 2020 to present, Defendant Woody Stokes has taken additional actions to conspire with the City Council, local Bank Chairman, the fire Chief, and Postal Director to block Plaintiff from assuming his official position as mayor of Newbern based solely on each Defendants' intent to discriminate against Plaintiff for being African American. By doing so, Defendants have denied Plaintiff his Constitutional rights.

On or about November 2, 2020, Plaintiff was declared Mayor of Newbern due to no other candidate timely filing papers to declare their candidacy. From July 2020 to present, Defendant Woody acted under the color of law in doing each of the acts alleged in the Complaint. Specifically, Woody took several acts as outgoing Mayor to obstruct Plaintiff, the newly elected Mayor from taking office and/or taking control over the Newbern city budget, bank accounts, and resources.

On information and belief, at all times alleged herein, Defendants Jesse Donald Leveret, Voncille B. Thomas, and Willie Richard Tucker were acting members of the Newbern City Council. From July 2020 to present, each Defendant has acted under the ordinances, resolutions, and Newbern governing customs in order to deny Plaintiff from assuming his proper position as Mayor of Newbern. Defendants have each conspired to hold secret city council meetings wherein Defendants promulgated unlawful ordinances, resolutions, and customs intentionally aimed at preventing Plaintiff from assuming his role as mayor or otherwise taking control of the City budget and resources.

FILED IN OFFICE
DALLAS COUNTY COURTS

NOV 2 1 2022

*Lynnethia R. Bennett*
Circuit Clerk



EXHIBIT B

Defendant Peoples Bank of Greensboro is a business entity of unknown form. Defendant Woody Stokes conspired with the Chairman and President of Peoples Bank in making bank policy and rules that they unilaterally changed in order to intentionally obstruct Plaintiff from timely filing the paperwork to declare his candidacy for mayor. Additionally, after Plaintiff was declared the Mayor of Newbern on November 2, 2020, Defendant Stokes took several actions to conspire with the Chairman and Bank President in order to obstruct Plaintiff from assuming control over the City budget, City bank accounts held at the Bank. The Bank, acing through its officers and directors, unilaterally passed and enforced unlawful rules, regulations, and customs against Plaintiff. Defendant Bank intentionally obstructed Plaintiff from assuming control of the City accounts even though Defendants, each of them knew that Plaintiff had been declared the rightful mayor by the Newbern Probate Judge, the City's election official. Thus, Defendants, each of them, conspired to deny Plaintiff his civil rights, including Due Process, Equal Protection, and Voting equality.

Defendant John Swanson was the acting Chief of the Newbern Fire Department at all times alleged in the Complaint. Defendant thereby acted under the color of law and authority granted to him by Newbern City ordinances, resolutions, and customs that vested the Fire Chief with power over the fire department and City resources and property. Defendant Swanson, acting in his individual and official capacity at all times, created fire department customs and rules in order to conspire with Defendant Stokes to obstruct Plaintiff from performing his volunteer duties at the fire department. Defendant Swanson unlawfully entered and searched Plaintiff's car, intentionally threatened, intimidate, and harassed through using fire department customs the Chief unilaterally changed without justification. Defendant Swanson's intent was to discriminate against Plaintiff based upon Plaintiff's African American race and Plaintiff's position as incoming Mayor. Defendant Swanson and Stokes conspired to force Plaintiff to vacate his volunteer fireman post as well as his position as Mayor of Newbern.

FILED IN OFFICE
DALLAS COUNTY COURTS

NOV 21 2022

Lynnethia R. Bennett
Circuit Clerk

On or about July 2020, Plaintiff Patrick Braxton declared his intent to run for mayor to the current Mayor, Woody Stokes. Plaintiff asked Defendant Stokes for documents to declare his candidacy. Initially, Defendant Stokes tells Plaintiff that Newbern cannot have elections. At the time, Defendants Stokes was acting in his official capacity as the Mayor of Newbern. Defendant Stokes told Plaintiff a false misrepresentation so that Plaintiff would not timely declare his candidacy by the approaching deadline. After Plaintiff continues to request the papers, Defendant Stokes makes Plaintiff wait 30 minutes and then tells Braxton he cannot find the papers and he needs to go to the Peoples Bank in Greensboro to get these documents.

Newbern's clerk, Lynn Williams, works at the bank. On information and belief, the Bank Chairman is also Defendant Woody Stokes's good friend. Plaintiff Braxton goes to the Bank and retrieves the documents. In fact, Ms. Williams deliberately gives Plaintiff the wrong documents to file in order to obstruct his candidacy. On information and believe, Defendant Stokes had called Bank officials and Ms. Williams to inform them not to help Plaintiff.

Plaintiff Braxton must pay a filing fee, however, in order to further obstruct his declaration of candidacy, employees at the Bank refuse to tell Plaintiff the amount of the fee. Braxton pays what he believes is the maximum fee. Lynn Williams tells Braxton, that "[Woody] is not gonna get me in this mess no more."

In July of 2020, the deadline (for candidates to file has passed the third Thursday of July, 16 July 2020.) Plaintiff Braxton was the only person to file to run. Probate Judge Arthur Crawford, who is the acting election official for Hale County, calls Plaintiff and informs him he is mayor. Probate Judge Arthur Crawford tells him when and where he and his council members will go to be sworn into office. Braxton is the first black Mayor of Newbern since it was established in 1854.

On July 18, 2020, two days after the deadline to file for candidacy passed, Woody filed his Statement of Economic Interest and indicated he was running for mayor. His entire council filed as well their papers after the deadline had passed. Sometime in August of 2020, the acting City Council men (Defendants Leveret, Thomas, and Tucker) are informed that Plaintiff Braxton is now the in coming mayor.

On or about August 10, 2020, acting with full knowledge that Plaintiff had been declared the lawful Mayor by Judge Crawford, Defendants Leveret, Thomas, and Tucker called a secret and undisclosed City Counsel meeting. The meeting was attended by Defendant Stokes and each City Council member named as Defendants herein.

Thereafter, Defendant Woody Stokes and the entire council filed Statements of Economic Interest which are required filings to be a candidate. Woody filed stating he was running for the office of Mayor. All of the candidates filed their statements on or about July 17, 2020. This was after the deadline had passed. On information and belief, after Defendants were instructed that they had filed their candidacy documents after the deadline had passed, Defendants Stokes, Leveret, Thomas, and Tucker took several actions to prevent Plaintiff from assuming his official duties as Mayor. Defendants secretly passed a city resolution and/or ordinance creating a new election day and moving the filing deadline back. Defendants did not inform any of the public or

FILED IN OFFICE
DALLAS COUNTY COURTS
NOV 21 2022
Lynnethia R. Bennett
Circuit Clerk

citizens of the City of the election. In fact, the Defendants intentionally concealed the deadlines so that they could claim that they were the only candidates for Mayor and City Councilman to file candidacy papers. Defendants voted to have the election on October 6. No such election was ever noticed. Plaintiff only discovered these facts sometime later.

Plaintiff Braxton was not invited to this meeting or given notice of this meeting. Plaintiff discovered documents related to this meeting discarded in City Hall. According to the minutes, the council announces that Plaintiff Braxton was the only candidate to file a statement of candidacy and Woody presents a resolution declaring that Patrick Braxton is now the Mayor of Newbern. It passes unanimously and a certificate of election is prepared.

The Defendant then declared that this was a mistake that needed to be rectified through another secret election on Oct.6, 2020. Defendants passed an ordinance canceling the normal election date of August 25, 2020. No notice of the election was ever given to the public or anyone outside of the meeting. No election took place. No notices of the election were posted. Until the documents were discovered, no one knew about these events.

On August 25, 2020, Woody and his group filed declarations of candidacy for the office of council person. On September 14, 2020, Defendants held another town meeting. On information and belief, Certificate of Elections were executed by Defendant Stokes and the entire council. Each separate certificate states that each council member was the only one to file a statement of candidacy for office of town council. This was patently false. However, Defendants Stokes, Leveret, Thomas, and Tucker signed these certificates.

On November 2, 2020, Braxton is sworn in as the mayor of Newbern He is sworn in by 4th circuit Judge Marvin Wiggins. At this time, Judge Wiggins also swears in the council members that Braxton has chosen. They are Wanda Scott, Barbara Patrick, Jane Ballard, and Jan Quarter. Judge Wiggins files the Oath of office for Plaintiff and his council.

Thereafter, Plaintiff Braxton immediately contacted Defendant Stokes for an orderly transfer of power and to retrieve the keys for city hall. Defendant Stokes refused to return Plaintiff's calls or to give Plaintiff the keys to City Hall. Upon gaining access to City Hall, Plaintiff discovered that the office had been stripped of almost all documents except for five boxes of papers, haphazardly thrown together. Plaintiff was never again granted access to city hall.

Mayor Braxton and the legitimate council passed a resolution giving Braxton authority over several bank accounts at the People's Bank in Greensboro on the 5 November 2020. The Peoples Bank of Greensboro, however, refused to acknowledge the resolution. No reason was given. Instead, the Bank and its officials followed illegal customs, rules, and regulations in order to place all accounts in the custody, control, and possession of Defendant Stokes. Defendant Stokes is often seen at the bank visiting for one-two hours.

City officials have refused to return calls to Plaintiff. City Officials have refused to give Braxton any financial information. The mayor's office receives its mail at P.O. box inside the U.S. Post office. Plaintiff Braxton personally paid the bill for the box. The Post Master has refused to deliver city bills and mailings to Plaintiff.

FILED IN OFFICE
DALLAS COUNTY COURTS

NOV 2 1 2022

*Lynnethia R. Bennett*
Circuit Clerk

On information and belief, November 19, 2020, Defendant Stokes changed the tax code for the City of Newbern and that certain business may be given preferential tax treatment. Defendant then appointed John Swanson new Chief of the Newbern Fire Department.

The town has received federal COVID relief funds. The funds are to be used for disinfectant, masks, humidifiers, for the citizens of Newbern. No one received supplies except the fire department for internal use. Mayor Braxton continues to try and serve the citizens of Newbern. He found COVID supplies from other cities and distributed the supplies to all citizens of Newbern (black and white). As mayor, he drove to food banks to distribute needed food to during COVID lockdown to all of Newbern. Braxton posted signs all over the town that he procured from other mayors. The signs were regarding COIVD safety, mask, and vaccine information. Defendant Stokes and/or his agents tore the signs done and burnt them a pile.

On or about February 2021, the postal director refused to provide any city mail, invoices, or financial statements to Plaintiff. On information and belief, Defendant Stokes informed the postal director that Plaintiff was not the Mayor.

On or about May 2021, Defendant Stokes, acting with full knowledge that Plaintiff was declared to be the lawful Mayor of Newbern, changed the locks to City Hall so that Plaintiff was locked out of office. Defendant Stokes did not provide Plaintiff notice or the keys to Plaintiff.

Plaintiff Patrick Braxton has sustained injury due to the actions of Defendants, including but not limited to damage to his professional and personal reputation; personal humiliation; loss of financial earnings; loss of official position as Mayor of Newbern; loss of position as volunteer fireman for the Newbern Fire Department; severe emotional distress; attorney's fees; out of pocket costs.

Damages Sought:

Plaintiff seeks general damages; Special damages, including money for filing fees, attorney's fees, costs of fighting against the injustice;

Punitive Damages based upon Defendants intentionally discriminating against Plaintiff based upon race and conspiring to damage Plaintiff's personal and professional reputation; as well as reckless and careless indifference to Plaintiff's federal civil rights;

Injunctive relief enforcing the probate judge's order declaring Plaintiff as the lawful Mayor of Newbern;

Damages according to the code;

FILED IN OFFICE
DALLAS COUNTY COURTS

NOV 2 1 2022

*Lynnethia R. Bennett*
Circuit Clerk