IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, and WANDA SCOTT, | * * * * * |
| Plaintiffs, | * * |
| v. | *   2:23-cv-00127-KD-N |
| | * |
| HAYWOOD STOKES III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, LYNN THIEBE, WILLIE RICHARD TUCKER, and PEOPLE'S BANK OF GREENSBORO, | * * * * * * |
| Defendants. | * |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker, by and through counsel, and state the following as their answer to Plaintiff's First Amended Complaint:

## INTRODUCTION

1. These Defendants deny paragraph 1 of Plaintiffs' First Amended Complaint and demand strict proof thereof.

2. These Defendants deny paragraph 2 of Plaintiffs' First Amended Complaint and demand strict proof thereof.

3. These Defendants deny paragraph 3 of Plaintiffs' First Amended Complaint and demand strict proof thereof.

## **PARTIES**

4. These Defendants admit that Plaintiff Patrick Braxton is black and is the former Mayor of the Town of Newbern. These Defendants deny the remainder of paragraph 4 of Plaintiffs' Amended Complaint and demand strict proof thereof.

5. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint.

6. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

7. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

8. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9. These Defendants admit that Haywood Stokes III is a white resident of the Town of Newbern and has, at times relevant to this lawsuit, acted as a councilmember and the Mayor of Newbern. These Defendants deny the remainder of paragraph 9 of Plaintiffs' Amended Complaint and demand strict proof thereof.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Amended Complaint.

15. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

## FACTUAL ALLEGATIONS

16. These Defendants admit that the Town of Newbern is located in Hale County, Alabama and is a Class 8 municipality. The Defendants have insufficient information to admit or deny the remainder of paragraph 16 Plaintiffs' Amended Complaint and demand strict proof thereof.

17. These Defendants admit that the Town of Newbern has a mayor-council form of government and that a previous version of Ala. Code §11-46-22, which was in effect in July 2020, requires that the Mayor give notice of all municipal elections. These Defendants state that Ala. Code §11-46-22 further provides that "Any qualified elector who will have resided within the municipality, or if the municipality is districted, within the district from which he or she seeks election, for a period of at least 90 days on election day may qualify to run for office by filing the appropriate forms and paying any appropriate fees, as otherwise provided by law." These Defendants deny the remainder of paragraph 17 and demand strict proof thereof.

18. These Defendants deny paragraph 18 and demand strict proof thereof. These Defendants state that a previous version of Ala. Code §11-46-25, which was in effect in July 2020, requires that "any qualified elector who, by 5:00 P.M. on the third Tuesday in July preceding the date set for the election," file "a statement of candidacy, accompanied by an affidavit taken and certified by an officer authorized to take acknowledgments in this state that such person is duly qualified to hold the office for which the person desires to become a candidate."

19. These Defendants deny paragraph 19 and demand strict proof thereof. These Defendants state that a previous version of Ala. Code §11-46-26, which was in effect in July 2020, states, "In the event only one person has filed a statement of candidacy for an office by 5:00 P.M. on the third

Tuesday in July preceding the date set for an election of municipal officers pursuant to subsection (g) of Section 11-46-25, then such person shall for all purposes be deemed elected to such office, any provisions of this article to the contrary notwithstanding."

20. These Defendants admit that the Town of Newbern has not held an election for years prior to Braxton being elected Mayor and Defendants being elected to the Town Council. These Defendants deny the remainder of paragraph 20 of the Plaintiffs' Amended Complaint and demand strict proof thereof.

21. These Defendants deny paragraph 21 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## Plaintiff Braxton Challenges the White Majority

22. These Defendants have insufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint and demand strict proof thereof.

23. Admit.

24. These Defendants admit that, at some point, Plaintiff Braxton informed Defendant Haywood Stokes III of his intentions to qualify as a Mayoral candidate. These Defendants deny the remainder of paragraph 24 of Plaintiffs' Amended Complaint and demand strict proof thereof.

25. These Defendants admit that no preparations were made for conducting an election. These Defendants deny the remainder of paragraph 25 of Plaintiffs' Amended Complaint and demand strict proof thereof.

26. These Defendants deny that Defendant Stokes failed to comply with any statutory requirements and demand strict proof thereof. These Defendants have insufficient information to admit or deny the remainder of paragraph 26 of Plaintiffs' Amended Complaint and demand strict proof thereof.

27. These Defendants admit that Plaintiff Braxton paid a $50.00 qualifying fee and gave the Lynn Williams his statement of candidacy on the last day to qualify. These Defendants have insufficient information to admit or deny the remainder of paragraph 27 of Plaintiffs' Amended Complaint and demand strict proof thereof.

28. These Defendants admit that Defendant Stokes did not attempt to qualify as a candidate for Mayor and that Plaintiff Braxton was the only person who applied to do so. These Defendants deny the remainder of paragraph 28 of Plaintiffs' Amended Complaint and demand strict proof thereof.

29. Admit.

30. These Defendants admit that Plaintiff Braxton was the only person who qualified as a candidate for Mayor and that no other individuals qualified for Town Council. These Defendants deny the remainder of paragraph 30 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## The Defendants Stokes, Broussard, Thomas and Tucker
## Conspire to Unlawfully Remain in Office

31. These Defendants deny paragraph 31 of Plaintiffs' Amended Complaint and demand strict proof thereof.

32. These Defendants deny paragraph 32 of Plaintiffs' Amended Complaint and demand strict proof thereof.

33. These Defendants deny paragraph 33 of Plaintiffs' Amended Complaint and demand strict proof thereof.

34. These Defendants deny paragraph 34 of Plaintiffs' Amended Complaint and demand strict proof thereof.

35. These Defendants deny paragraph 35 of Plaintiffs' Amended Complaint and demand strict proof thereof.

36. These Defendants deny paragraph 36 of Plaintiffs' Amended Complaint and demand strict proof thereof.

37. These Defendants admit that a special election was held and that Defendants Stokes, Broussard, Leverett, Tucker, and Brown filed statements of candidacy for Town Council and were the only persons who qualified for Town Council positions. These Defendants deny the remainder of paragraph 37 of Plaintiffs' Amended Complaint and demand strict proof thereof.

38. These Defendants deny paragraph 38 of Plaintiffs' Amended Complaint and demand strict proof thereof.

39. These Defendants deny paragraph 39 of Plaintiffs' Amended Complaint and demand strict proof thereof.

40. These Defendants deny paragraph 40 of Plaintiffs' Amended Complaint and demand strict proof thereof.

41. These Defendants have insufficient information to admit or deny paragraph 41 of Plaintiffs' Amended Complaint and demand strict proof thereof.

42. These Defendants admit that they executed Oaths of Office and that these Oaths were filed with the Probate Judge. These Defendants deny the remainder of paragraph 42 and demand strict proof thereof.

43. These Defendants deny paragraph 43 of Plaintiffs' Amended Complaint and demand strict proof thereof.

44. These Defendants deny paragraph 44 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**The Defendants Strip Plaintiff Braxton of His Powers as Mayor**

45. These Defendants admit that Defendant Stokes became Mayor of the Town of Newbern after Plaintiff Braxton lost the position by operation of law. These Defendants deny the remainder of paragraph 45 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**Denying Access to Town Hall**

46. Admit.

47. These Defendants deny paragraph 47 of Plaintiffs' Amended Complaint and demand strict proof thereof.

48. The Defendants admit that Plaintiff Braxton changed the locks to the Town Hall. These Defendants deny the remainder of paragraph 48 of Plaintiffs' Amended Complaint and demand strict proof thereof.

49. These Defendants deny paragraph 49 of Plaintiffs' Amended Complaint and demand strict proof thereof.

50. These Defendants deny paragraph 50 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**Denying Access to Bank Accounts**

51. Admit.

52. These Defendants have insufficient information to admit or deny paragraph 52 of Plaintiffs' Amended Complaint and demand strict proof thereof.

53. These Defendants have insufficient information to admit or deny paragraph 53 of Plaintiffs' Amended Complaint and demand strict proof thereof.

54. These Defendants have insufficient information to admit or deny paragraph 54 of Plaintiffs' Amended Complaint and demand strict proof thereof.

55. These Defendants deny any liability alleged in paragraph 55 of Plaintiffs' Amended Complaint and demand strict proof thereof. These Defendants have insufficient information to admit or deny the remainder of paragraph 55 of Plaintiffs' Amended Complaint and demand strict proof thereof.

56. These Defendants deny any liability alleged in paragraph 56 of Plaintiffs' Amended Complaint and demand strict proof thereof. These Defendants have insufficient information to admit or deny the remainder of paragraph 56 of Plaintiffs' Amended Complaint and demand strict proof thereof.

**Denying Access to Official City Mail and
Diverting Mail Addressed to Mayor Braxton**

57. These Defendants have insufficient information to admit or deny paragraph 57 of Plaintiffs' Amended Complaint and demand strict proof thereof.

58. These Defendants deny any liability alleged in paragraph 58 of Plaintiffs' Amended Complaint and demand strict proof thereof. These Defendants have insufficient information to admit or deny the remainder of paragraph 58 of Plaintiffs' Amended Complaint and demand strict proof thereof.

59. These Defendants have insufficient information to admit or deny paragraph 59 of Plaintiffs' Amended Complaint and demand strict proof thereof.

60. These Defendants have insufficient information to admit or deny paragraph 60 of Plaintiffs' Amended Complaint and demand strict proof thereof.

61. These Defendants have insufficient information to admit or deny paragraph 61 of Plaintiffs' Amended Complaint and demand strict proof thereof.

62. These Defendants deny any liability alleged in paragraph 62 of Plaintiffs' Amended Complaint and demand strict proof thereof. These Defendants have insufficient information to

admit or deny the remainder of paragraph 62 of Plaintiffs' Amended Complaint and demand strict proof thereof.

### Denying Access to Information and Documents

63. These Defendants deny paragraph 63 of Plaintiffs' Amended Complaint and demand strict proof thereof.

64. These Defendants deny paragraph 64 of Plaintiffs' Amended Complaint and demand strict proof thereof.

65. These Defendants deny paragraph 65 of Plaintiffs' Amended Complaint and demand strict proof thereof.

66. These Defendants have insufficient information to admit or deny paragraph 66 of Plaintiffs' Amended Complaint and demand strict proof thereof.

67. These Defendants have insufficient information to admit or deny paragraph 67 of Plaintiffs' Amended Complaint and demand strict proof thereof.

68. These Defendants deny paragraph 68 of Plaintiffs' Amended Complaint and demand strict proof thereof.

### Holding Meetings Without Notice and In Private Residences

69. These Defendants deny paragraph 69 of Plaintiffs' Amended Complaint and demand strict proof thereof.

70. These Defendants deny paragraph 70 of Plaintiffs' Amended Complaint and demand strict proof thereof.

71. These Defendants deny paragraph 71 of Plaintiffs' Amended Complaint and demand strict proof thereof.

72. These Defendants deny paragraph 72 of Plaintiffs' Amended Complaint and demand strict proof thereof.

### Retaliation Against Braxton

73. These Defendants deny paragraph 73 of Plaintiffs' Amended Complaint and demand strict proof thereof.

74. Admit.

75. These Defendants deny paragraph 75 of Plaintiffs' Amended Complaint and demand strict proof thereof.

76. These Defendants deny paragraph 76 of Plaintiffs' Amended Complaint and demand strict proof thereof.

77. These Defendants deny paragraph 77 of Plaintiffs' Amended Complaint and demand strict proof thereof.

### COUNT I

### (Section 1983- Equal Protection)

78. These Defendants admit that Plaintiff Braxton is African American. These Defendants deny that Plaintiff Braxton is a resident of the Town of Newbern and demand strict proof thereof. These Defendants have insufficient information to admit or deny the remainder of paragraph 78 of Plaintiffs' Amended Complaint and demand strict proof thereof.

79. These Defendants admit that, at all times relevant to this lawsuit, they were acting under the color of law. These Defendants deny the remainder of paragraph 79 and demand strict proof thereof.

80. These Defendants deny paragraph 80 of Plaintiffs' Amended Complaint and demand strict proof thereof.

81. Admit.

82. These Defendants admit that, at all times relevant to this lawsuit, they were acting under the color of law. These Defendants deny the remainder of paragraph 82 and demand strict proof thereof.

83. These Defendants deny paragraph 83 and demand strict proof thereof.

84. These Defendants deny paragraph 84 and demand strict proof thereof.

85. These Defendants deny paragraph 85 and demand strict proof thereof.

86. These Defendants admit that the past practice of the Town of Newbern was that the Mayor would appoint Town council members if no one qualified for the Town council position being filled. These Defendants deny the remainder of paragraph 86 and demand strict proof thereof.

87. These Defendants deny paragraph 87 and demand strict proof thereof.

88. These Defendants deny paragraph 88 and demand strict proof thereof.

89. These Defendants deny paragraph 89 and demand strict proof thereof.

90. These Defendants deny any liability alleged in paragraph 90 and demand strict proof thereof.

91. These Defendants have insufficient information to admit or deny paragraph 91 and demand strict proof thereof.

92. These Defendants deny paragraph 92 and demand strict proof thereof.

93. These Defendants deny paragraph 93 and demand strict proof thereof.

## COUNT II

### Race Discrimination

**(Section 1985(3))**

94. No answer is required of these Defendants as to paragraph 94 of Plaintiffs' Amended Complaint.

95. These Defendants deny paragraph 95 and demand strict proof thereof.

96. These Defendants deny paragraph 96 and demand strict proof thereof.

97. These Defendants deny paragraph 97 and demand strict proof thereof.

98. These Defendants deny paragraph 98 and demand strict proof thereof.

99. These Defendants deny paragraph 99 and demand strict proof thereof.

## **COUNT III**

### **(Failure to Prevent Conspiracy- Section 1986)**

100. No answer is required of these Defendants as to paragraph 100 of Plaintiffs' Amended Complaint.

101. No answer is required of these Defendants as to paragraph 101 of Plaintiffs' Amended Complaint.

102. No answer is required of these Defendants as to paragraph 102 of Plaintiffs' Amended Complaint.

103. No answer is required of these Defendants as to paragraph 103 of Plaintiffs' Amended Complaint.

104. No answer is required of these Defendants as to paragraph 104 of Plaintiffs' Amended Complaint.

105. No answer is required of these Defendants as to paragraph 105 of Plaintiffs' Amended Complaint.

106. No answer is required of these Defendants as to paragraph 106 of Plaintiffs' Amended Complaint.

**PRAYER FOR RELIEF**

107.   These Defendants deny the entire "Prayer for Relief" set forth at the end of Plaintiffs' Amended Complaint and demand strict proof thereof.

**AFFIRMATIVE DEFENSES**

1.   These Defendants affirmatively plead that Plaintiffs have failed to state a claim upon which relief may be granted.

2.   These Defendants affirmatively plead the general issue.

3.   These Defendants affirmatively plead lack of notice.

4.   These Defendants affirmatively plead that Plaintiffs did not comply with the statutory requirements to maintain this lawsuit.

5.   These Defendants affirmatively plead that Plaintiffs claims are barred by the statute of limitations.

6.   These Defendants affirmatively plead immunity.

7.   These Defendants affirmatively plead qualified immunity.

8.   These Defendants affirmatively plead state agent immunity.

9.   These Defendants affirmatively plead immunity provided by Alabama Code §6-5-338.

10.   These Defendants affirmatively plead their actions were justified.

11.   These Defendants affirmatively plead their actions were privileged.

12.   These Defendants affirmatively plead their actions were not the proximate cause of Plaintiffs' alleged damage.

13.   These Defendants affirmatively plead their actions were based upon a reasonable belief.

14.   These Defendants affirmatively plead their actions were reasonable.

15.   These Defendants affirmatively plead good faith.

16. The Defendants affirmatively plead that their actions were lawful.

17. These Defendants affirmatively plead that the Plaintiffs were not deprived of equal protection or of equal privileges and immunities.

18. These Defendants affirmatively plead that the Plaintiffs were not deprived of having and/or exercising any right or privilege.

19. These Defendants affirmatively plead a lack of intent to deprive Plaintiffs of equal protection or of equal privileges and immunities.

20. These Defendants affirmatively plead a lack of intent to deprive Plaintiffs of having and/or exercising any right or privilege.

21. These Defendants affirmatively plead that no conspiracy existed.

22. These Defendants affirmatively plead that their actions lacked any racial or otherwise class-based discriminatory motive.

23. These Defendants affirmatively plead that their actions lacked any racial or otherwise class-based discriminatory animus.

24. These Defendants affirmatively plead contributory negligence.

25. These Defendants affirmatively plead a lack of damages.

26. These Defendants affirmatively plead failure to mitigate damages.

27. These Defendants affirmatively plead mistaken belief.

28. These Defendants affirmatively plead that any judgment levied against these Defendants are limited in amount by statute and case law.

29. These Defendants affirmatively plead their actions were not the moving force behind Plaintiffs' alleged constitutional violation.

30. These Defendants affirmatively plead lack of widespread abuse.

31.     These Defendants affirmatively plead that venue is improper in the Circuit Court of Dallas County, Alabama.

32.     These Defendants affirmatively plead a policy or custom was not the proximate cause of Plaintiff's alleged violation.

33.     These Defendants affirmatively plead intra-corporate conspiracy doctrine.

34.     These Defendants affirmatively plead Plaintiffs fail to allege racial or class based, invidiously discriminatory.

35.     These Defendants affirmatively plead Plaintiffs fail to allege that each member of the conspiracy shared the same conspiratorial objectives.

## **PUNITIVE DAMAGES**

1.      The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United states on the following grounds:

    a.      it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.      the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.      the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d.  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    e.  the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    f.  the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    g.  the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

2. Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

3. The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

4. The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

      a.      it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

      b.      the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

      c.      the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

      d.      the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

      e.      the award of punitive damages in this case constitutes a deprivation of property without due process of law.

5.      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6.      The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7.      The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

8.      The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

9.      The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of

liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

10. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

11. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

12. The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13. The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

/s/ Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
M. Ashley Tidwell (ASB-3974-O48M)
Attorneys for Haywood Stokes III,
Gary Broussard, Jesse Donald Leverett,
Voncille Brown Thomas, and Willie Richard Tucker

OF COUNSEL:

Holtsford Gilliland Hitson Howard
    Stevens Tuley & Savarese, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon:

Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver, Davies & Rouco, LLP
2 North 20th Street, Suite 930
Birmingham, AL 35203

Woodruff R. Jones
Gamble, Gamble, Calame & Jones, LLC
P.O. Box 345
Selma, Alabama 36702

Keith A. Jones
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602

by placing same in the United States Mail, postage prepaid, or through the court's electronic filing service, on this the 17th day of April, 2023.

                                                  /s/Rick A. Howard
                                                OF COUNSEL