IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK BRAXTON, JAMES             *
BALLARD, BARBARA PATRICK,          *
JANICE QUARLES, and WANDA          *
SCOTT,                             *
                                   *
Plaintiffs,                        *
                                   *
v.                                 *          2:23-cv-00127-KD-N
                                   *
HAYWOOD STOKES III, GARY           *
BROUSSARD, JESSE DONALD            *
LEVERETT, VONCILE BROWN            *
THOMAS, LYNN THIEBE, WILLIE        *
RICHARD TUCKER, and PEOPLES        *
BANK OF GREENSBORO,                *
                                   *
Defendants                         *
                                   *

**DEFENDANT, PEOPLES BANK OF GREENSBORO'S,
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant, PEOPLES BANK OF GREENSBORO, (hereinafter sometimes referred to as "Defendant Peoples Bank") by and through its counsel of record, Gamble, Gamble, Calame & Jones, LLC, and in answer to the Plaintiffs' First Amended Complaint, says as follows:

**INTRODUCTION**

1.      This Defendant denies paragraph 1 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

2.      This Defendant denies paragraph 2 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

3.      This Defendant denies paragraph 3 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## **PARTIES**

4.      This Defendant admits that Plaintiff Patrick Braxton is the former Mayor of the Town of Newbern. This Defendant denies the remainder of paragraph 4 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

5.      This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint.

6.      This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint.

7.      This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint.

8.      This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 8 of Plaintiffs' First Amended Complaint.

9.      This Defendant admits that Haywood Stokes III is a white resident of the Town of Newbern and has, at times relevant to this lawsuit, acted as a councilmember and the Mayor of Newbern. This Defendant denies the remainder of paragraph 9 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint.

2

15.     This Defendant admits that Defendant Peoples Bank of Greensboro is a chartered financial institution and has its location in Greensboro, Alabama.

## FACTUAL ALLEGATIONS

16.     This Defendant admits that the Town of Newbern is located in Hale County, Alabama and is a Class 8 municipality. This Defendant does not have sufficient information to either admit or deny the remainder of paragraph 16 of Plaintiffs' First Amended Complaint.

17.     This Defendant admits that the Town of Newbern has a mayor-council form of government and that a previous version of Ala. Code §11-46-22, which was in effect July 2020, requires that the Mayor give notice of all municipal elections. This Defendant states that Ala. Code §11-46-22 further provides that "Any qualified elector who will have resided within the municipality, or if the municipality is districted, within the district from which he or she seeks election, for a period of at least 90 days on election day may qualify to run for office by filing the appropriate forms and paying any appropriate fees, as otherwise provided by law." This Defendant denies the remainder of paragraph 17 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

18.     This Defendant denies paragraph 18 of Plaintiffs' First Amended Complaint and demands strict proof thereof. This Defendant states that a previous version of Ala. Code §11-46-25, which was in effect in July 2020, requires that "any qualified elector who, by 5:00 P.M. on the third Tuesday in July preceding the date set for the election," file "a statement of candidacy, accompanied by an affidavit taken and certified by an officer authorized to take acknowledgements in this state that such person is duly qualified to hold the office for which the person desires to become a candidate."

3

19.     This Defendant denies paragraph 19 of Plaintiffs' First Amended Complaint and demands strict proof thereof. This Defendant states that a previous version of Ala. Code §11-46-26, which was in effect in July 2020, states, "In the event only one person has filed a statement of candidacy for an office by 5:00 P.M. on the third Tuesday in July preceding the date set for an election of municipal officers pursuant to subsection (g) of Section 11-46-25, then such person shall for all purposes be deemed elected to such office, any provisions of this article to the contrary notwithstanding."

20.     This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

21.     This Defendant denies paragraph 21 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

**Plaintiff Braxton Challenges the White Majority**

22.     This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

23.     Admit.

24.     This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

25.     This Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

4

26.     This Defendant denies that Defendant Stokes failed to comply with any statutory requirements and demands strict proof thereof. This Defendant does not have sufficient information to either admit or deny the remainder of paragraph 26 of Plaintiffs' First Amended Complaint.

27.     This Defendant does not have sufficient information to either admit or deny paragraph 27 of Plaintiffs' First Amended Complaint.

28.     This Defendant admits that Defendants Stokes did not attempt to qualify as a candidate for Mayor and that Plaintiff Braxton was the only person who applied to do so. This Defendant does not have sufficient information to either admit or deny the remainder of paragraph 28 of Plaintiffs' First Amended Complaint

29.     This Defendant does not have sufficient information to either admit or deny paragraph 29 of Plaintiffs' First Amended Complaint.

30.     This Defendant admits that Plaintiff Braxton was the only person who qualified as a candidate for Mayor and that no other individuals qualified for Town Council. This Defendant denies the remainder of paragraph 30 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

<u>**The Defendants Stokes, Broussard, Thomas and Tucker**</u>
<u>**Conspire to Unlawfully Remain in Office**</u>

31.     This Defendant does not have sufficient information to either admit or deny paragraph 31 of Plaintiffs' First Amended Complaint.

32.     This Defendant does not have sufficient information to either admit or deny paragraph 32 of Plaintiffs' First Amended Complaint.

33.     This Defendant does not have sufficient information to either admit or deny paragraph 33 of Plaintiffs' First Amended Complaint.

34.     This Defendant does not have sufficient information to either admit or deny paragraph 34 of Plaintiffs' First Amended Complaint.

35.     This Defendant does not have sufficient information to either admit or deny paragraph 35 of Plaintiffs' First Amended Complaint.

36.     This Defendant does not have sufficient information to either admit or deny paragraph 36 of Plaintiffs' First Amended Complaint.

37.     This Defendant admits that a special election was held and that Defendant Stokes, Broussard, Leverett, Tucker, and Brown filed statements of candidacy for Town Council and were the only persons who qualified for Town Council positions. This Defendant denies the remainder of paragraph 37 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

38.     This Defendant does not have sufficient information to either admit or deny paragraph 38 of Plaintiffs' First Amended Complaint.

39.     This Defendant denies paragraph 39 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

40.     This Defendant does not have sufficient information to either admit or deny paragraph 40 of Plaintiffs' First Amended Complaint.

41.     This Defendant does not have sufficient information to either admit or deny paragraph 41 of Plaintiffs' First Amended Complaint.

42.     This Defendant admits that Defendants Stokes, Broussard, Leverett, Thomas and Tucker executed Oaths of Office and that these Oaths were filed with the Probate Judge. This Defendant denies the remainder of paragraph 42 and demands strict proof thereof.

43.     This Defendant denies paragraph 43 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

44.     This Defendant denies paragraph 44 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## The Defendants Strip Plaintiff Braxton of His Powers as Mayor

45.     This Defendant admits that Defendant Stokes became Mayor of the Town of Newbern after Plaintiff Braxton lost the position by operation of law. This Defendant denies the remainder of paragraph 45 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## Denying Access to Town Hall

46.     Admit.

47.     This Defendant does not have sufficient information to either admit or deny paragraph 47 of Plaintiffs' First Amended Complaint.

48.     This Defendant does not have sufficient information to either admit or deny paragraph 48 of Plaintiffs' First Amended Complaint.

49.     This Defendant does not have sufficient information to either admit or deny paragraph 49 of Plaintiffs' First Amended Complaint.

50.     This Defendant does not have sufficient information to either admit or deny paragraph 50 of Plaintiffs' First Amended Complaint.

## Denying Access to Bank Accounts

51.     Admit.

52.     This Defendant denies paragraph 52 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

53.     This Defendant denies paragraph 53 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

54.     This Defendant denies paragraph 54 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

55.     This Defendant denies paragraph 55 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

56.     This Defendant denies paragraph 56 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

**<u>Denying Access to Official City Mail and</u>**
**<u>Diverting Mail Addressed to Mayor Braxton</u>**

57.     This Defendant does not have sufficient information to either admit or deny paragraph 57 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

58.     This Defendant does not have sufficient information to either admit or deny paragraph 58 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

59.     This Defendant does not have sufficient information to either admit or deny paragraph 59 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

60.     This Defendant does not have sufficient information to either admit or deny paragraph 60 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

61.     This Defendant does not have sufficient information to either admit or deny paragraph 61 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

62.     This Defendant denies any liability alleged in paragraph 62 of Plaintiffs' First Amended Complaint and demands strict proof thereof. This Defendant does not have sufficient

information to either admit or deny the remainder of paragraph 62 of Plaintiffs' First Amended Complaint.

### Denying Access to Information and Documents

63.    This Defendant does not have sufficient information to either admit or deny paragraph 63 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

64.    This Defendant does not have sufficient information to either admit or deny paragraph 64 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

65.    This Defendant admits Ms. Williams resigned from her position as City clerk in 2020. This Defendant does not have sufficient information to either admit or deny the remainder of paragraph 65 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

66.    This Defendant does not have sufficient information to either admit or deny paragraph 66 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

67.    This Defendant does not have sufficient information to either admit or deny paragraph 67 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

68.    This Defendant does not have sufficient information to either admit or deny paragraph 68 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

### Holding Meetings Without Notice and in Private Residences

69.    This Defendant does not have sufficient information to either admit or deny paragraph 69 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

70.    This Defendant does not have sufficient information to either admit or deny paragraph 70 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

71.    This Defendant does not have sufficient information to either admit or deny paragraph 71 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

72.     This Defendant denies paragraph 72 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## **Retaliation Against Braxton**

73.     This Defendant does not have sufficient information to either admit or deny paragraph 73 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

74.     This Defendant does not have sufficient information to either admit or deny paragraph 74 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

75.     This Defendant does not have sufficient information to either admit or deny paragraph 75 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

76.     This Defendant does not have sufficient information to either admit or deny paragraph 76 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

77.     This Defendant does not have sufficient information to either admit or deny paragraph 77 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## **COUNT I**
### **(Section 1983 – Equal Protection)**

78.     This Defendant does not have sufficient information to either admit or deny paragraph 78 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

79.     This Defendant denies paragraph 79 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

80.     This Defendant denies paragraph 80 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

81.     Admit.

82.     This Defendant denies paragraph 82 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

83.     This Defendant denies paragraph 83 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

84.     This Defendant denies paragraph 84 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

85.     This Defendant denies paragraph 85 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

86.     This Defendant admits that the past practice of the Town of Newbern was that the Mayor would appoint Town Council members if no one qualified for the Town Council position being filled. This Defendant denies the remainder of paragraph 86 and demands strict proof thereof.

87.     This Defendant denies paragraph 87 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

88.     This Defendant denies paragraph 88 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

89.     This Defendant denies paragraph 89 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

90.     This Defendant denies any liability alleged in paragraph 90 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

91.     This Defendant admits it works with the designated Mayor and Town Council in transitions of power.

92.     This Defendant does not have sufficient information to either admit or deny paragraph 92 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

93     This Defendant denies paragraph 93 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## COUNT II
### Race Discrimination
### (Section 1985(3))

94.     No answer is required of this Defendant as to paragraph 94 of Plaintiffs' First Amended Complaint.

95.     This Defendant denies paragraph 95 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

96.     This Defendant denies paragraph 96 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

97.     This Defendant denies paragraph 97 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

98.     This Defendant denies paragraph 98 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

99.     This Defendant denies paragraph 99 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## COUNT III
### (Failure to Prevent Conspiracy – Section 1986)

100.     No answer is required of this Defendant as to paragraph 100 of Plaintiffs' First Amended Complaint.

101.    This Defendant denies paragraph 101 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

102.    This Defendant does not have sufficient information to either admit or deny paragraph 102 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

103.    This Defendant does not have sufficient information to either admit or deny paragraph 103 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

104.    This Defendant denies paragraph 104 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

105.    This Defendant denies paragraph 105 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

106.    This Defendant denies paragraph 106 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

107.    This Defendant denies the entire "Prayer for Relief" set forth at the end of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

This Defendant affirmatively pleads that Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

This Defendant affirmatively pleads the general issue.

## THIRD DEFENSE

This Defendant affirmatively pleads lack of notice.

## FOURTH DEFENSE

This Defendant affirmatively pleads that Plaintiffs did not comply with the statutory requirements to maintain this lawsuit.

## FIFTH DEFENSE

This Defendant affirmatively pleads that Plaintiffs' claims are barred by the statute of limitations.

## SIXTH DEFENSE

This Defendant affirmatively pleads Plaintiffs fail to allege that each member of the conspiracy shared the same conspiratorial objectives.

## SEVENTH DEFENSE

This Defendant affirmatively pleads Plaintiffs fail to allege racial or class based, invidiously discriminatory.

## EIGHTH DEFENSE

This Defendant affirmatively pleads intra-corporate conspiracy doctrine.

## NINTH DEFENSE

This Defendant affirmatively pleads a policy or custom was not the proximate cause of Plaintiffs' alleged violation.

## TENTH DEFENSE

This Defendant affirmatively pleads its actions were justified.

## ELEVENTH DEFENSE

This Defendant affirmatively pleads its actions were privileged.

## TWELFTH DEFENSE

This Defendant affirmatively pleads its actions were not the proximate cause of Plaintiffs'

14

alleged damage.

### THIRTEENTH DEFENSE

This Defendant affirmatively pleads its actions were based upon a reasonable belief.

### FOURTEENTH DEFENSE

This Defendant affirmatively pleads its actions were reasonable.

### FIFTEENTH DEFENSE

This Defendant affirmatively pleads good faith.

### SIXTEENTH DEFENSE

This Defendant affirmatively pleads that its actions were lawful.

### SEVENTEENTH DEFENSE

This Defendant affirmatively pleads that the Plaintiffs were not deprived of equal protection or of equal privileges and immunities.

### EIGHTEENTH DEFENSE

This Defendant affirmatively pleads that the Plaintiffs were not deprived of having and/or exercising any right or privilege.

### NINETEENTH DEFENSE

This Defendant affirmatively pleads a lack of intent to deprive Plaintiffs of equal protection or of equal privileges and immunities.

### TWENTIETH DEFENSE

This Defendant affirmatively pleads a lack of intent to deprive Plaintiffs of having and/or exercising any right or privilege.

### TWENTY-FIRST DEFENSE

This Defendant affirmatively pleads that no conspiracy existed.

**TWENTY-SECOND DEFENSE**

This Defendant affirmatively pleads that its actions lacked any racial or otherwise class-based discriminatory motive.

**TWENTY-THIRD DEFENSE**

This Defendant affirmatively pleads that its actions lacked any racial or otherwise class-based discriminatory animus.

**TWENTY-FOURTH DEFENSE**

This Defendant affirmatively pleads contributory negligence.

**TWENTY-FIFTH DEFENSE**

This Defendant affirmatively pleads a lack of damages.

**TWENTY-SIXTH DEFENSE**

This Defendant affirmatively pleads failure to mitigate damages.

**TWENTY-SEVENTH DEFENSE**

This Defendant affirmatively pleads mistaken belief.

**TWENTY-EIGHTH DEFENSE**

This Defendant affirmatively pleads that any judgment levied against these Defendants is limited in amount by statute and case law.

**TWENTY-NINTH DEFENSE**

This Defendant affirmatively pleads its actions were not the moving force behind Plaintiffs' alleged constitutional violation.

**THIRTIETH DEFENSE**

This Defendant affirmatively pleads lack of widespread abuse.

16

## THIRTY-FIRST DEFENSE

This Defendant affirmatively pleads that venue is improper in the Circuit Court of Dallas County, Alabama.

## PUNITIVE DAMAGES

1.      The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United states on the following grounds:

a. it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

17

f. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

g. the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

2.      Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

3.      The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

4.      The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a. it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c. the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

18

e. the award of punitive damages in this case constitutes a deprivation of property without due process of law.

5.      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6.      The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7.      The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

8.      The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

9.      The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

10.      The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

11.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

12.     The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13.     The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

<div style="margin-left: 50%">

s/Woodruff R. Jones
Woodruff R. Jones (ASB-9808-O64J)
Attorney for Peoples Bank of Greensboro

</div>

OF COUNSEL:
GAMBLE, GAMBLE, CALAME & JONES, LLC
Attorneys for Defendant, Peoples Bank of Greensboro
P.O. Box 345
Selma, AL 36702-0345
PHONE:  334-875-7810
FAX:  334-874-4975
wrj@gamblelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2023, an exact copy of the foregoing Defendant, Peoples Bank of Greensboro's, Answer to Plaintiffs' First Amended Complaint has been served:  (a) through the Court's e filing system; (b) by placing a copy of same in the United States mail, postage prepaid and properly address; and/or (c) by personal/firm email to the following attorneys:

Rick A. Howard
M. Ashley Tidwell
Holtsford Gilliland Hitson Howard
Stevens Tuley & Savarese, P.C.
P.O. Box 4128
Montgomery, AL 36103

Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver, Davies &
Rouco, LLP
2 N. 20th St., Ste. 930
Birmingham, AL 35203

Keith A Jones.
Assistant United States Attorney
63 S. Royal St., Ste. 600
Mobile, AL 36602

<div style="text-align:right">

s/Woodruff R. Jones
Of Counsel for Defendant,
Peoples Bank of Greensboro

</div>

21