IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, and WANDA SCOTT, <br><br> Plaintiffs, <br><br> v. <br><br> HAYWOOD STOKES III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, LYNN THIEBE, WILLIE RICHARD TUCKER, and PEOPLE'S BANK OF GREENSBORO, <br><br> Defendants. | 2:23-cv-00127-KD-N |

## **REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held and attended by:

    Richard P. Rouco and George N. Davies for Plaintiffs;

    Woodruff R. Jones for Defendant Peoples Bank of Greensboro;

    Keith A. Jones for Defendant Lyn Thiebe; and

    Rick Howard and Ashley Tidwell for Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker.

The parties do not request a conference with the court before entry of the scheduling order.

1. **Plaintiff's brief narrative statement of facts and the cause of action stated in each count**:

**Parties:** The Plaintiff Patrick Braxton was the first African American elected Mayor of the Town of Newbern. The Plaintiffs James Ballard, Barbara Patrick, Janice Quarles and Wanda Scott are African American residents of the Town of Newbern who the Mayor Braxton asked to serve on the Town Council because none of the former council members had filed qualifying papers by the statutory deadline. The Plaintiffs Ballard, Patrick, Quarles and Scott were all sworn in as Town council members.

**Facts:** The town of Newbern was founded in the 1860's. It is located in Hale County and has a population of approximately 300 residents based on the latest estimates. The majority of the residents of Newbern are African American and the town had been majority black for decades. Patrick Braxton was the first black resident in the history of Newbern to be elected Mayor. Braxton alleges that the former Mayor Defendant Stokes conspired with other Defendants to prevent Braxton from governing the affairs of the Town as the newly elected Mayor and that this conspiracy was racially motivated. After realizing that Braxton was elected Mayor because he was the only person to qualify as a candidate prior to expiration of the statutory deadline and that he could appoint a Town Council, the Defendants Stokes, Broussard, Leverett, Thomas and Tucker (hereinafter "Former Council Defendants") first conducted an unpublicized meeting to set a "special election" without notifying Braxton or any of the other Plaintiffs of the plan to have a "special election." The former Council Defendants did not notify the Town's residents of the "special election" and how to qualify as a candidate. As a result, the former Council Defendants were the only persons who filed paperwork related to this unlawful "special election." The former Council Defendants then undertook overt actions in aid of the conspiracy to prevent Braxton from being able to exercise the powers of the office of Mayor and from allowing the appointed majority black Town Council to exercise the powers of council members. The former Council Defendants unlawfully declared that Braxton had been removed from the position of Mayor and appointed Defendant Stokes as the Mayor or authorized him to act in the capacity of Mayor. The Defendant Theibe participated in or failed to prevent the conspiracy to oust Braxton from his position of Mayor by siding with Defendant Stokes over control of the Town's mail. The Defendant People's Bank of Greensboro likewise participated in or failed to prevent the racially motivated conspiracy by denying Braxton access to the Town's bank accounts and/or financial information.

**Claims:** The Plaintiffs assert race discrimination claims in violation of the Equal Protection Clause of the United States Constitution. Specially, the Plaintiffs bring claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986. The Plaintiff is currently evaluating whether to assert a claim under Section 2 of the Voting Rights Act.

>**Defendants' brief narrative statement of the facts and defenses:**

>**Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker's brief narrative statement of the facts and defenses:**

**Parties:** The Plaintiffs in this case are former Mayor Patrick Braxton. He became Mayor when he won the election even though he was not qualified to be Mayor. After the election date, Haywood Stokes, III provided Patrick Braxton with the keys to City Hall. However, Patrick Braxton did not attend the organizational meeting of the City Council and lost the position of Mayor by operation of law. Apparently, Patrick Braxton appointed individuals to the City Council which is in derogation of state law. These individuals are James Ballard, Barbara Patrick, Janice Quarles, and Wanda Scott. The Defendants in this case are Haywood Stokes, who formerly served as the Mayor of Newbern prior to Patrick Braxton becoming the Mayor. Subsequently, the Town discovered that an election would be required to place members on the Town Council. The election was held

and Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker were elected to the Town Council. Because Patrick Braxton lost the mayorship by operation of law, the Council appointed Haywood Stokes, III as Mayor. The other two Defendants are Lynn Theibe who works at the Post Office and the other Defendant is Peoples Bank of Greensboro.

**Facts:** For 60 years the Town of Newbern, Alabama, a one square mile town, has not held elections. The title of Mayor has simply been passed from individual to individual to anyone who would agree to be Mayor without regard to elections. Mayor Stokes became the Mayor of the Town of Newbern in this manner. In the last election cycle, an individual named Patrick Braxton qualified to run for Mayor. No one else qualified and Patrick Braxton became Mayor even though his residency disqualified him for Mayor. However, after receiving the keys to the Town Hall, Patrick Braxton failed to appear for the mandatory Town Hall meetings and ultimately lost the mayorship by operation of law. While Patrick Braxton was refusing to attend the Town Council meetings, he apparently appointed individuals to the Town Council. During this time, the Town of Newbern was informed that Town Council membership must be by election, pursuant to Alabama law. Accordingly, the Town of Newbern held a special election and Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker were elected to the Town Council. Because Patrick Braxton refused to attend Town Council meetings and lost his mayorship by operation of Alabama law, the truly elected Town Council appointed Haywood Stokes, III as Mayor.

**Claims and Defenses:** The complaint sets forth claims of a violation of the Equal Protection Act pursuant to 42 U.S.C. §1983 and liability pursuant to 42 U.S.C. §1985 (3) for conspiracy. It is Defendants' position that Plaintiffs will be unable to prove they were treated differently than any other class of individuals or facts proving a conspiracy. Moreover, the Defendants are entitled to immunity because the law was not clearly established regarding a Mayor and Town Council Members' action for appointing governmental officials when no elections had been held for sixty years.

### Defendant Lyn Thiebe's brief narrative statement of the facts and defenses

Defendant Lyn Thiebe objects to participating in the Report of the Parties' Planning Meeting or the Scheduling Conference at this stage because Plaintiffs have failed to properly serve the United States as required by Fed. R. Civ. P. 4(a)(1), (i)(1), and (i)(3). Defendant Thiebe further objects because Plaintiffs' claims against her are barred by qualified immunity. According to the Eleventh Circuit, "[b]ecause qualified immunity is an entitlement not to stand trial or face the other burdens of litigation, questions of qualified immunity must be resolved at the earliest possible stage in litigation." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003), *abrogated on other grounds by Randall v. Scott*, 610 F.3d 701, 707-10 (11th Cir. 2010) (internal citations and quotations omitted).

Defendant Thiebe intends to file her motion to dismiss asserting, among others, the above-referenced grounds as soon as possible. As such, Defendant Thiebe objects to participating in this action until her motion to dismiss can be resolved.

3

**Defendant Peoples Bank of Greensboro's brief narrative statement of the facts and defenses**

**Parties:** One of the Plaintiffs is the former Mayor Patrick Braxton. He became Mayor when he won the election in 2020 as he was the only person who filed a statement of candidacy. However, Patrick Braxton did not attend the organizational meeting of the City Council and lost the position of Mayor by operation of law. Apparently, Patrick Braxton attempted to appoint individuals to the Town Council which is in derogation of state law. These individual/plaintiffs are James Ballard, Barbara Patrick, Janice Quarles, and Wanda Scott. One of the Defendants in this case is Haywood Stokes, III who formerly served as the Mayor of Newbern prior to Patrick Braxton becoming Mayor. Subsequently, the Town discovered that an election would be required to place members on the Town Council. The election was held and Defendants, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker were elected to the Town Council. Because Patrick Braxton lost the mayorship by operation of law, the Council appointed Haywood Stokes, III as Mayor. Defendant, Lyn Theibe works at the post office. Defendant, Peoples Bank of Greensboro, is a bank in Greensboro, Hale County, Alabama with its only office in Greensboro.

**Facts:** For 60 years the Town of Newbern, Alabama, a one square mile town, has not held elections. The title of Mayor has simply been passed from individual to individual to anyone who would agree to be Mayor without regard to elections. Mayor Stokes became the Mayor of the Town of Newbern in this manner. In the last election cycle, an individual named Patrick Braxton qualified to run for Mayor. No one else qualified and Patrick Braxton became Mayor. However, Patrick Braxton failed to appear for the mandatory Town Hall meetings and ultimately lost the mayorship by operation of law. While Patrick Braxton was refusing to attend the Town Council meetings, he apparently attempted to appoint individuals to the Town Council. During this time, the Town of Newbern was informed that Town Council membership must be by election, pursuant to Alabama law. Accordingly, the Town of Newbern held a special election and Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker were elected to the Town Council. Because Patrick Braxton refused to attend Town Council meetings and lost his mayorship by operation of Alabama law, the truly elected Town Council appointed Haywood Stokes, III as Mayor. Patrick Braxton requested that the Peoples Bank of Greensboro allow him to move the Town of Newbern's funds from the bank. A representative of the bank informed Mr. Braxton that the bank needed a resolution or proper legal documents signed by the Town Council of the Town of Newbern authorizing him to move the funds. This was never provided to the bank.

**Claims and Defenses:** The complaint sets forth claims of a violation of the Equal Protection Act pursuant to 42 U.S.C. §1983, liability pursuant to 42 U.S.C. §1985 (3) for conspiracy, and liability pursuant to 42 U.S.C. §1986 for failure to prevent conspiracy. It is Defendants' position that Plaintiffs will be unable to prove they were treated differently than any other class of individuals or facts proving a conspiracy or failure to prevent conspiracy. Moreover, the bank strictly followed Alabama law by requesting a resolution from the Town Council before funds could be moved. It is the bank's position that the funds belong to the Town of Newbern and the council shall have management and control of the finances as provided in Ala. Code § 11-43-56. The bank never received a resolution from the Town Council authorizing moving the funds.

2. This jury action should be ready for trial by December 2024 and at this time is expected to take approximately 2-3 days excluding jury selection. This action will be tried at the federal courthouse in Mobile, Alabama.

3. The parties request a pretrial conference in **November 2024**.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

    Discovery will be needed on the following subjects:

    a. Whether the governmental Defendants are entitled to immunity.
    b. Whether Plaintiffs present sufficient evidence to support a conspiracy claim.
    c. Whether the Defendants are liable for an Equal Protection Claim pursuant to 42 U.S.C. §1983.
    d. Whether Defendants are liable for Plaintiffs' conspiracy claim pursuant to 42 U.S.C. §1985(3).
    e. Whether the U.S. Defendant and Peoples Bank of Greensboro are liable for Plaintiffs' failure to prevent a conspiracy claim pursuant to 42 U.S.C. §1986.
    f. Whether Plaintiffs have been damaged.
    g. Whether Defendants or Plaintiffs are the actual governmental officials for Newbern, Alabama.
    h. Whether the Plaintiffs' are entitled to injunctive relief;

    All discovery commenced in time to be completed by **August 2, 2024**.

5. Initial Disclosures. The parties will exchange within 21 days of entry of the scheduling order the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until December 1, 2023 to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

    from plaintiff(s) by **January 1, 2024** .

    from defendant(s) by **February 15, 2024**.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due

    fourteen (14) days before the Final Pretrial Conference.

9. Discovery Limits.

       Maximum of **30** interrogatories per party to any other party. Responses due 30 days after service pursuant to the Rules of Civil Procedure.

       Maximum of **10** fact depositions by plaintiff(s) and **10** by defendants. Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

       Maximum of **30** requests for admission by each party to any other party. Responses due 30 days after service pursuant to the Rules of Civil Procedure.

       Maximum of **30** requests for production of documents by each party to any other party. Responses due 30 days after service pursuant to the Rules of Civil Procedure.

10. All potentially dispositive motions filed by **August 16, 2024**.

11. Settlement cannot be evaluated prior to the commencement and completion of at least initial discovery, including written discovery and depositions of the parties and any key witnesses to the incidents made the basis of the Plaintiff's complaint.

12. Electronic Discovery: The parties are not likely to be requested to disclose or produce information from electronic or computer-based media, but in the unlikely event this occurs, the parties agree that the disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, and that such information be provided in "hard copy"/paper form or disc compilation in accordance with the rules of civil procedure. Both parties will take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise, and neither party anticipates any problems in connection with electronic or computer-based discovery at this time.

13. Other Matters.

    a. As set forth above, Defendant Thiebe intends to file a motion to dismiss asserting, among other grounds, insufficient process, insufficient service of process, and

qualified immunity. Defendant Thiebe objects to being subject to the Court's Scheduling Order and proceeding with discovery (including providing the information required as Initial Disclosures) until her motion to dismiss can be resolved.

Dated: June 1, 2023

/s/ *Richard P. Rouco*
Richard P. Rouco
George N. Davies
Attorneys for Plaintiffs

OF COUNSEL:

Quinn, Connor, Weaver, Davies & Rouco, LLP
2 North 20th Street, Suite 930
Birmingham, AL 35203
Tel. 205-870-9989
Fax. 205-803-4143

/s/ Rick A. Howard (by consent)
Rick A. Howard (ASB-9513-W79R)
M. Ashley Tidwell (ASB-3974-O48M)
Attorneys for Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker

OF COUNSEL:

Holtsford Gilliland Hitson Howard
Stevens Tuley & Savarese, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)

7

/s/ *Woodruff R. Jones* (by consent)
Woodruff R. Jones
Attorneys for People's Bank of Greensboro

OF COUNSEL:

Gamble, Gamble, Calame & Jones, LLC
P.O. Box 345
Selma, Alabama 36702
Tel. 334-875-7810
Fax. 334-874-4975

/s/ *Keith A. Jones*  (by consent)
Keith A. Jones
Attorneys for Lyn Thiebe

OF COUNSEL:

Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Tel. 251-415-7206