## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **PATRICK BRAXTON,** *et al*, | ) |
|    **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 2:23-00127-KD-N** |
| | ) |
| **HAYWOOD STOKES III,** *et al*, | ) |
|    **Defendants.** | ) |

### RULE 16(b) SCHEDULING ORDER

After considering the parties' report of their planning meeting (Doc. 9), held pursuant to Fed. R. Civ. P. 26(f) and the Court's preliminary scheduling order (Doc. 4), as well as holding a telephonic scheduling conference with the parties, the Court enters the following scheduling order under Fed. R. Civ. P. 16(b) and S.D. Ala. CivLR 16(a)(2):

1.   <u>NOTICE REGARDING SUPPLEMENTATION</u>.

    a.   <u>Electronically Stored Information (ESI)</u>.[1]  Without proper advance planning, ESI can needlessly increase the cost of litigation and impose avoidable hardships on the parties and the Court. To the extent ESI will be, or becomes, a significant issue in this case, the parties should consider filing a supplement to their planning report or a joint proposed order which more specifically addresses (1) <u>the scope of ESI to be preserved</u> (including the identification of key custodians, the imposition of temporal limitations, and the reasonable accessibility of

---

[1] *See, e.g.,* Fed. R. Civ. P. 34(b)(2)(D)–(E).

sources—i.e., whether any sources are unduly burdensome or cost prohibitive); (2) <u>the design of effective search methodology and how best to efficiently conduct such searches</u>; and (3) other ESI discovery issues contemplated under S.D. Ala. CivLR 26(a). Parties requesting ESI discovery and parties responding to such requests are, moreover, expected to cooperate in the development of procedures to achieve **proportionality** in ESI discovery. *See* Fed. R. Civ. P. 26(b)(2)(B)-(C).

      b. <u>Protective Order</u>. The parties should consider the usefulness of presenting to the Court an agreed protective order to safeguard the confidentiality of documents exchanged during discovery, and are further encouraged to both consider Federal Rule of Evidence 502 generally and whether an agreement on the effect of disclosure under that rule should be incorporated into any agreed protective order.

**The parties are directed to closely review § 12, *infra*, which sets forth procedures with regard to settlement and alternative dispute resolution.**

      2. <u>FINAL PRETRIAL CONFERENCE & PRETRIAL DISCLOSURES</u>. This action is set for a final pretrial conference pursuant to Fed. R. Civ. P. 16(e) before United States District Judge Kristi K. DuBose, in her chambers on the fourth floor of the United States District Courthouse at 155 St. Joseph Street, Mobile, Alabama 36602, on **<u>December 5, 2024</u>**, beginning at **<u>9:00 a.m. (Central Time)</u>**. ***<u>This is a firm setting and the parties are expected to be ready for trial on that date.</u>*** **A COPY OF JUDGE DUBOSE'S SPECIAL REQUIREMENTS FOR FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICE REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE GIVEN.**

The disclosure of information regarding the evidence that each party may present at trial as required by Fed. R. Civ. P. 26(a)(3) must be made no later than **21 days prior to the date of the final pretrial conference**.

3.      <u>TRIAL</u>. This action is set for a **jury** trial at the United States District Courthouse at 155 St. Joseph Street, Mobile, Alabama 36602, during the month of **January 2025,** the specific date(s) to be set at the final pretrial conference, *see* § 2, *supra*. Jury selection is currently set for **January 7, 2025,** beginning at **8:45 a.m. (Central Time)**. The parties currently estimate that the trial of this action will take **2-3 days.**

4.      <u>DISCOVERY COMPLETION</u>. All discovery must be completed no later than **July 15, 2024,** Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all civil actions, "completed" means that all interrogatories, requests for admission, requests for production, requests for entry onto property, and subpoenas have been served and responded to; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions and depositions to preserve testimony for trial, taken; and motions to compel timely filed and served to give adequate time for the Court to consider them. *See also* S.D. Ala. CivLR 26(c); § 10, *infra*.

5.      <u>INITIAL DISCLOSURES</u>. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be exchanged no later than **June 28, 2023,** unless the parties agree to

a later date.

6. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. Any motion to amend the pleadings under Fed. R. Civ. P. 15(a)(2) or to join other parties must be filed and served no later than **<u>December 1, 2023</u>**. ***<u>The procedures for amending pleadings under Fed. R. Civ. P. 15(a) and S.D. Ala. CivLR 15 will be strictly enforced.</u>*** Any party added to this action subsequent to the issuance of this Order shall be subject to its provisions, including any amendments, unless otherwise ordered or unless the Federal Rules of Civil Procedure or Local Rules allow otherwise.[2]

7. <u>EXPERT TESTIMONY</u>. The disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) and S.D. Ala. CivLR 26(b) must be made (1) by the plaintiff(s) on or before **<u>January 1, 2024,</u>** *except that* expert testimony intended solely to contradict or rebut, as contemplated by Rule 26(a)(2)(D)(ii), shall be disclosed by the plaintiff(s) on or before **<u>March 14, 2024,</u>** and (2) by the defendant(s) on or before **<u>February 15, 2024,</u>** *including* expert testimony intended solely to contradict or rebut, as contemplated by Rule 26(a)(2)(D)(ii). An expert's deposition, if taken, must be noticed and completed within **<u>30 days</u>** of the date on which the expert's report is disclosed.

**<u>Please Note</u>**: All challenges to expert witnesses, including *Daubert* motions, are to be filed as soon as possible but in no event later than **<u>August 15, 2024</u>**

---

[2] *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(D) ("A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or by court order").

8.   <u>DISCOVERY SUPPLEMENTATION</u>. Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) must be accomplished "at appropriate intervals" and "seasonally."

9.   <u>DISCOVERY LIMITS</u>. In accordance with Fed. R. Civ. P. 26(b)(2)(A), discovery is limited as follows (**NOTE:** in applying these limits, parties represented by the same counsel will be treated as a single "party"):

a.   Not more than **<u>30</u>** Fed. R. Civ. P. 33 interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within **<u>30</u> days** of service;

b.   Not more than **<u>10</u>** depositions may be taken by the Defendant(s), and not more than **<u>10</u>** depositions may be taken by the Plaintiff(s). Each deposition is limited in duration to **<u>7 hours, unless extended by agreement of the parties</u>**.

c.   Not more than **<u>30</u>** Fed. R. Civ. P. 36 requests for admissions may be served by each party upon any other party. Responses are due within **<u>30</u> days** of service;

d.   Not more than **<u>30</u>** Fed. R. Civ. P. 34 requests for production may be served by each party upon any other party. Responses are due within **<u>30</u> days** of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

e.   Pursuant to S.D. Ala. CivLR 5(b), whenever any discovery material is served (e.g., discovery requests or responses), counsel shall

contemporaneously file with the Clerk a notice identifying the date of service and the nature of the material;

   f.  Subject to the deadline for discovery completion, *see* § 4, *supra*, any of the foregoing discovery limitations in subparts a, b, c, and d of this § 9 may be enlarged or extended by agreement of the parties.

  10. <u>DISCOVERY MOTIONS</u>. The following requirements pertain to discovery motions filed in this Court:

   a.  <u>Conferencing by Counsel</u>. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery related issues. This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Fed. R. Civ. P. 26(c) (motion for a protective order); 35(a) (motion for physical and/or mental examination); 36(a)(6) (motion to determine sufficiency of admissions); 37(a) (motion to compel disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); and 45(d) (protection of persons subject to subpoena). In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter. Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing

the required certification will be stricken or denied.[3]

---

[3]      *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a ***good faith*** effort to resolve the outstanding discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-confer requirement"—"'conferment' [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Gams, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '***converse, confer, compare views, consult and deliberate***'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (emphasis added))); *Gann v. N.-Cent. Ala. Reg'l Council of Gov'ts*, No. CV-13-S-270-NE, 2013 WL 6190799, at *4 (N.D. Ala. Nov. 26, 2013) ("[B]efore asking a court to compel discovery, or to impose sanctions upon an opposing party for allegedly failing to engage in discovery, Federal Rule of Civil Procedure 37(a)(1) clearly states that the moving party *must, at a minimum,* either have *an actual face-to-face meeting,* or *engage in a two-way conversation,* with the opposing party during which the discovery disputes are *meaningfully discussed* in an *honest, good-faith attempt to resolve the disputes.*" (citing *Shuffle Master*, 170 F.R.D. at 172)).

        Further, as the court in *Shuffle Master* observed, and this Court adopts, any good faith certification filed "***must*** accurately and specifically convey to the court ***who, where, how, and when*** the respective parties attempted to personally resolve the discovery dispute." 170 F.R.D. at 170 (emphasis added). *See also* S.D. Ala. CivLR 37 ("All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26-37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without Court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences."). ***Motions with certifications lacking this level of detail will be denied.***

      b.     <u>Time of Filing; Form</u>. A motion for protective order pursuant to Fed. R. Civ. P. 26(c), a motion for physical and/or mental examination pursuant to Fed. R. Civ. P. 35(a), a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a)(6), a motion to compel pursuant to Fed. R. Civ. P. 37, and any similar non-dispositive motion shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court, and, again, shall only be filed after all of the foregoing conferencing has occurred, *see* § 10(a), *supra*, unless exceptional or exigent circumstances exist. **In no event shall such a motion be filed *after* the close of discovery unless good cause is shown under Fed. R. Civ. P. 16(b)(4)**. Any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

      c.     <u>Time for Responses</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents

setting forth or evidencing facts on which their response is based.

          d.    <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in section N (pages 9-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Discovery Subcommittee (2019).[4]

      11.    <u>DISPOSITIVE MOTIONS</u>. Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **<u>August 15, 2024.</u>** Motions for summary judgment under Fed. R. Civ. P. 56 must comply with S.D. Ala. CivLR 56, and all motions must comply with S.D. Ala. CivLR 7. *See also* § 13, *infra*. Additionally, in submitting exhibits, the parties are reminded of S.D. Ala. CivLR 5(a), which provides that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

      12.    <u>SETTLEMENT/ADR</u>. On or before **<u>August 1, 2024,</u>** the parties shall confer, in ***<u>good faith</u>***, for the purpose of discussing settlement and shall file with the Clerk of Court a joint statement setting out the present status of settlement

---

[4] Available at: https://www.alsd.uscourts.gov/sites/alsd/files/Discovery_Practice.pdf

negotiations (without disclosing figures) and whether mediation or a settlement conference would be helpful. Moreover, the parties may contact the undersigned United States Magistrate Judge ***at any stage of the proceedings*** if they believe mediation or a settlement conference would be beneficial. Given that most actions settle, early settlement negotiations are strongly encouraged. A copy of the Court's Alternative Dispute Resolution Plan is available on the Court's website.[5]

13.   BRIEFS;  LETTERS;  COURTESY  AND  DUPLICATE  COPIES; FAXING OF DOCUMENTS. Unless prior permission of the Court is given:

a.    A brief filed in support of or in opposition to any motion shall not exceed 30 pages in length, and a reply brief by the movant(s) shall not exceed 15 pages in length. Any caption, cover page, table of contents, table of authorities, and signature block do not count toward the page limitation. *See* S.D. Ala. CivLR 7(e).

b.    An application for Court action shall be by motion, not by letter or other informal means. *See* Fed. R. Civ. P. 7(b); S.D. Ala. GenLR 7.

c.    Except as otherwise provided by Local Rule, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference. Under S.D. Ala. CivLR 7(g), if a party's exhibits in support of or in opposition to a motion exceed 50

---

[5] *See* United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* www.alsd.uscourts.gov/sites/alsd/files/ADRplan.PDF

pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery. The courtesy copy must be printed from the case docket after electronic filing so that the CM/ECF PDF headers, which contain the case number, docket number, and page number, appear at the top of every page. Additionally, where exhibits are numerous, it is helpful to the Court to receive well-organized, tabbed binders of double-sided copies, along with an index or table of contents.

       d.     Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained from the Clerk of Court.

       14.    <u>MODIFICATION OF RULE 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule; that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. Fed. R. Civ. P. 16(b) & (e).

       15.    <u>LOCAL RULES & STANDING ORDERS</u>. Notwithstanding the citation to and incorporation of some Local Rules into this Order, all parties are expected to abide by all applicable Local Rules and Standing Orders of this district, which contain important requirements concerning the commencement of discovery, motions to

dismiss and for summary judgment, and other matters. Current versions may be obtained from the Clerk of Court or downloaded from the Court's website (http://www.alsd.uscourts.gov/court-info/local-rules-and-orders).

16.   SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Fed. R. Civ. P. 16(f).

**DONE** and **ORDERED** this the 7th day of June 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**