**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, and WANDA SCOTT,** | |
| **Plaintiffs,** | **Civil Action No. 2:23-cv-00127-KD-N** |
| **v.** | |
| **HAYWOOD STOKES, III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, LYNN THIEBE, WILLIE RICHARD TUCKER, and PEOPLE'S BANK OF GREENSBORO,** | |
| **Defendants.** | |

## DEFENDANT LYN THIEBE'S MOTION TO STAY DISCOVERY

Defendant Lyn Thiebe, in her individual capacity and by and through the United States Attorney for the Southern District of Alabama, Sean P. Costello, respectfully moves this Court pursuant to Fed. R. Civ. P. 26(c) to stay all discovery pending the resolution of her motion to dismiss and, specifically, the resolution of whether she is entitled to qualified immunity. In support thereof, Ms. Thiebe shows as follows:

1.      Plaintiff Patrick Braxton initially filed this lawsuit in the Circuit Court of Dallas County, Alabama on November 21, 2022. (Doc. 1-3, PageID.8.) This action was removed to this Court on April 14, 2023. (Doc. 1.)

2.      The parties submitted the Report of the Parties' Planning Meeting on June 1, 2023, in which Ms. Thiebe stated that she "objects to being subject to the Court's Scheduling Order and

proceeding with discovery (including providing the information required as Initial Disclosures) until her motion to dismiss can be resolved." (Doc. 9, PageID.358.)

3.      The Court conducted a Scheduling Conference on June 7, 2023, and undersigned counsel informed the Court of Ms. Thiebe's intent to file a motion to stay discovery because her motion to dismiss asserted qualified immunity as one of the grounds for dismissal.

4.      On June 8, 2023, the Court entered its Rule 16(b) Scheduling Order, which set the deadline for Initial Disclosures on June 28, 2023, the discovery deadline on July 15, 2024, and set trial during January 2025. (Doc. 16, PageID.375.)

5.      Plaintiffs perfected service on Ms. Thiebe by serving the United States Attorney's Office for the Southern District of Alabama on June 12, 2023, and the United States Attorney General on June 15, 2023.

6.      On June 26, 2023, Ms. Thiebe filed her motion to dismiss and asserted, among other grounds, that Plaintiffs' claims against her were due to be dismissed because she is entitled to qualified immunity. (Doc. 17, PageID.409-10, 414.) Specifically, Ms. Thiebe argued that Plaintiffs cannot show that allegedly withholding mail from Plaintiff Braxton, denying access to a Post Office Box, or otherwise interfering with his "duties" as "Mayor" clearly violated any of Plaintiffs' constitutional rights. (*Id.*)

7.      Pursuant to Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . [and] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]"

8.     This Court "has broad discretion in regulating discovery matters, including the power to stay discovery pending resolution of a dispositive motion." *Blevins v. Aksut*, No. 15-00120-CG-B, 2015 WL 2098017, *1 (S.D. Ala. April 17, 2015).  Moreover, when "deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* at *2.

9.     The United States Supreme Court has recognized that a "trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense.  It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).  Specifically, when a defendant raises a qualified immunity defense, "the district court should resolve that threshold question before permitting discovery." *Id.* at 598.  According to the Court:

> There are serious and legitimate reasons for this.  If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

10.     The Eleventh Circuit and its district courts have routinely held that an action should be stayed pending the determination of qualified immunity issues raised via a motion to dismiss. *See, e.g., Howe v. City of Enterprise*, 861 F.3d 1300, 1302-03 (11th Cir. 2017) (stating that "the district court should decide those immunity issues before requiring that the parties litigate [the plaintiff's] claims any further"); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (recognizing that the qualified immunity defense "protects government officials . . .

from having to bear the burdens attendant to litigation, including pretrial discovery"); *Squitieri v. Nocco*, No. 8:19-cv-906-T-210AAS, 2021 WL 10170873, *1 (M.D. Fla. Jan. 14, 2021) (granting the defendants' motion to stay discovery pending resolution of a motion to dismiss raising qualified immunity); *McBride v. Houston County Health Care Auth.*, No. 1:12-cv-1047-MHT, 2013 WL 674671, *2 (M.D. Ala. Feb. 25, 2013) (same); *Morris v. Town of Lexington, Ala.*, No. CV-11-S-1106-NW, 2011 WL 13359354, *1 (N.D. Ala. July 20, 2011) (same).[1]

11.     In fact, the Eleventh Circuit held in *Howe* "that by requiring the defendants to further defend from liability while the immunity issue remained pending, the district court had effectively denied immunity . . . ." 861 F.3d at 1302.

12.     Additionally, any stay of discovery must apply to all Defendants and any discovery because:

> It is no answer to these concerns to say that discovery for [the government officials] can be deferred while pretrial proceedings continue for other defendants.  It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the government officials] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if [the government officials] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."

*Iqbal*, 556 U.S. at 685-86; *see also McBride*, 2013 WL 674671 at *2 (recognizing that, "if discovery is stayed against one defendant but not related co-defendants, the stay is, practically speaking, likely to be illusory for the intended beneficiary").

---

[1]  Moreover, the general rule in the Eleventh Circuit favors staying discovery in an action pending a motion to dismiss that challenges the legal sufficiency of a claim.  *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss for failure to state a claim for relief, should, however, be resolved before discovery begins."); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (finding no abuse of discretion in the district court's decision to suspend discovery pending resolution of a motion to dismiss that presented a purely legal question); *Blevins*, 2015 WL 2098014 at *2 (granting a defendant's motion to stay discovery pending the resolution of a motion to dismiss).

13.     In this case, a stay of discovery is warranted because Ms. Thiebe has raised the defense of qualified immunity in her motion to dismiss.  Specifically, Ms. Thiebe has asserted that Plaintiffs have failed to allege any facts showing that allegedly withholding mail from Plaintiff Braxton or otherwise interfering with his "duties" as "Mayor" were clearly established violations of any of Plaintiffs' constitutional rights.

14.     Plaintiffs will not suffer any prejudice if this action is stayed because it is in its initial stages.  The Court only recently entered a Scheduling Order on June 8, 2023, and Plaintiffs recently completed service pursuant to Fed. R. Civ. P. 4(i)(3) on June 15, 2023.  There is also sufficient time to complete discovery, which is scheduled to close on July 15, 2024, and to prepare for trial, which is set during January 2025.

15.     Because dismissal would eliminate the need for Ms. Thiebe to participate in discovery, requiring her to do so, even indirectly, before her motion to dismiss is resolved would effectively deny her qualified immunity.  To prevent such a result, the Court should exercise its discretion to protect Ms. Thiebe's qualified immunity defense and to protect her from burdensome, and potentially unnecessary, discovery by staying discovery until the motion to dismiss can be resolved.

16.     Counsel for Ms. Thiebe has conferred with Plaintiffs' counsel, who represented that Plaintiffs object to a stay of all discovery in this matter but would not object to a stay of discovery as to Ms. Thiebe only.

WHEREFORE, Defendant Lyn Thiebe respectfully requests that this Court stay discovery in this action pending the resolution of her motion to dismiss.

Dated: June 27, 2023

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: *s/ Timothy A. Heisterhagen*
    Timothy A. Heisterhagen
    Assistant United States Attorney
    Southern District of Alabama
    63 South Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone: 251-415-7180
    Email: timothy.heisterhagen@usdoj.gov

    *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

    *s/ Timothy A. Heisterhagen*
    Timothy A. Heisterhagen
    Assistant U.S. Attorney