IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, and WANDA SCOTT,<br><br>    Plaintiffs,<br><br>v.<br><br>HAYWOOD STOKES, III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, LYNN THIEBE, WILLIE RICHARD TUCKER, and PEOPLE'S BANK OF GREENSBORO,<br><br>    Defendants. | Civil Action No. 2:23-cv-00127-KD-N |

**DEFENDANT, PEOPLES BANK OF GREENSBORO'S, MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS AND INCORPORATED SUPPORTING BRIEF**

Defendant, Peoples Bank of Greensboro ("Peoples"), by and through its attorney of record, Woodruff R. Jones, respectfully moves this Court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, Fed. R. Civ. P. 12(c). In support thereof, Peoples shows as follows:

**INTRODUCTION**

In this case, Plaintiffs have failed to state a claim under 42 U.S.C. § 1985(3) because (1) they have failed to allege the violation of any specific constitutional right, (2) they have failed to allege invidiously discriminatory animus on the part of Peoples, and (3) they have failed to allege the existence of any agreement between Peoples and the other

1

Defendants. Plaintiffs' claim under 42 U.S.C. § 1986 cannot proceed in light of the failure of Plaintiffs' Section 1985(3) claim. For these reasons, Peoples respectfully requests that this Court grant this motion to dismiss and dismiss Plaintiffs' claims against Peoples or in the alternative enter a judgment on the pleadings in favor of Peoples.

## STATEMENT OF RELEVANT FACTS

1. Plaintiff Patrick Braxton alleges that he was elected mayor of Newbern, Alabama on or around July 22, 2020, and that he was the first Black mayor of the town. (Doc. 1-3, PageID.49, ¶ 29.)

2. The remaining Plaintiffs[1] allege that Braxton appointed them to serve on the Town Council, and all Plaintiffs were sworn into their respective positions on November 2, 2020. (*Id.*, PageID.51, ¶ 41.)

3. Plaintiffs also allege that Defendants Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker[2] (collectively referred to as the "Town Defendants") conspired to remain in office despite Plaintiff Braxton's election. (*Id.*, PageID.51, ¶ 39-43.) Specifically, Plaintiffs allege that the Town Defendants "acted to prevent the Plaintiffs from accessing any information regarding the Town, destroyed or removed documents from the Town Hall and locked down the Town Hall, preventing any access to the facility." (*Id.*, PageID.51, ¶ 43.)

4. According to Plaintiffs, "the key to the success of this conspiracy required the cooperation of the Defendant Thiebe, the Defendant Bank, the City clerk, the City attorney and other professionals who provided services to the Town." (*Id.*, PageID.51-52,

---

[1] All Plaintiffs are Black. (Doc. 1-3, PageID.45, ¶ 4-8.)
[2] Defendant Thomas is Black. (*Id.*, PageID.46, ¶ 12.) The remaining individual Defendants are White. (*Id.* ¶ 9-11, 13-14.)

2

¶ 44.)

    5.    Plaintiffs allege the following facts regarding Peoples' purported involvement in the alleged conspiracy:

> 51. The Town of Newbern maintains a bank account with the People's Bank of Greensboro (hereinafter the "Bank"). The Bank has its main branch in Greensboro, AL. Greensboro is the county seat for Hale County AL.
>
> 52. On several occasions, Mayor Braxton went to the Bank to have his name placed on the Town's accounts. Braxton presented a Bank employees [sic] named Vickie (last name unknown) with documents showing he was the lawful Mayor of the Town and asked her to grant him full access to the Town's accounts.
>
> 53. Vickie (last name unknown) told Braxton that she would have to check with the Bank president and that he should come back the next day.
>
> 54. Braxton returned the next day but Vickie did not meet with him. Another bank employee told Braxton that his name would not be added to the account and that Stokes would remain on the account.
>
> 55. A day or two after this second meeting at the Bank, Braxton witnessed Stokes at the Bank and meeting with Bank representatives. Since this day, the Bank has refused to honor any request from Braxton.
>
> 56. In July 2022, Braxton sent the Bank a letter demanding that it provide Braxton as the Mayor of Newbern access to information regarding the Town's accounts. The Bank has ignored this letter. Upon information and belief, the Bank is following the Defendant Stokes's request not to communicate or deal with Braxton on any Town business.

(Doc. 1-3, PageID.53, ¶ 51-56.)

    6.    Based on these factual allegations, Plaintiffs allege in Counts II and III of their Amended Complaint that Defendants, including Peoples, violated 42 U.S.C. § 1985(3) and 1986. (*Id.*, PageID.61-64, ¶ 94-106.)

    7.    Specifically, Plaintiffs allege that Peoples violated Section 1985(3) because

3

Peoples "conspired to deprive Plaintiffs Braxton, Ballard, Patrick, Quarles and Scott the privileges and rights of residents of the Town to participate in the governance of the Town on account of their race." (*Id.*, PageID.61, ¶ 95.) They also alleged the following:

> 96. Defendant Stokes secured the agreement or consent of the [sic] Ms. Thiebe and the white leadership of the Bank to prevent Mayor Braxton from performing the duties of his job as Mayor of Newbern.
>
> 97. During prior transitions of power from a white Mayor and white majority Town Counsel to other white residents of the Town, the Bank, and the Post Master recognized the new white leadership of the Town and cooperated with the transition. However, the Defendants refused to cooperate with the transition of power to the first black Mayor in this history of Newbern even though Braxton was officially certified as the Mayor of Newbern.

(*Id.*, PageID.62, ¶ 96-97.) Plaintiffs make the conclusory allegation that Defendants conspired "to deprive Plaintiffs, on account of their race, (i) equal protection of the laws or (ii) equal privileges and immunities of the laws or (iii) preventing or hindering the properly constituted Town counsel and Mayor of the Town of Newbern from representing the majority black residents . . . ." (*Id.*, PageID.62, ¶ 99.)

8. Plaintiffs also allege that Peoples failed to prevent the "unlawful conspiracy to deny [them] equal protection under the laws or the equal privileges and rights of holding office because of their race." (*Id.*, PageID.62-63, ¶ 101.) Plaintiffs allege the following:

> 104. In April 2021 and thereafter, Defendant People's Bank of Greensboro (acting through its agents, employees or officers) knew that Plaintiff Braxton had been elected and installed as the Mayor of Newbern. Plaintiff Braxton had informed the Bank that he was the Mayor of Newbern and that he had appointed Plaintiffs Ballard, Patrick, Quarles and Scott to the Town council. The Bank however refused to grant Braxton access to information about the Town's accounts and would not allow him to add himself and Plaintiff Scott as a signatories to the account.
>
> 105. Defendant People's Bank of Greensboro (acting through its agents, employees or officers) had knowledge that Defendant Stokes and the other Town Council members were depriving Mayor Braxton of

> the ability to discharge his duties as Mayor on account of Braxton's race. The Bank also had knowledge that Plaintiffs Ballard, Patrick, Quarles and Scott had been appointed to and sworn in as Town council members. Nonetheless, the Bank negligently failed or refused to prevent Defendant Stokes and the other Individual Defendants from carrying out their conspiracy to deprive Plaintiffs equal protection under the law or of equal privileges and rights of holding office on account of their race.

(*Id.*, PageID.63-64, ¶ 104-105.)

9. Plaintiff Braxton filed his initial complaint in the Circuit Court of Dallas County, Alabama on November 21, 2022. (*Id.*, PageID.8-21.) Plaintiffs filed their First Amended Complaint on March 17, 2023. (*Id.*, PageID.44-65.)

## **STANDARD OF REVIEW**

Rule 12(b)(6) permits a defendant to move to dismiss an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). This Court utilizes the following standard when deciding a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This standard asks for more than a sheer possibility that a defendant has acted unlawfully. That is, factual allegations must be enough to raise a right of relief above the speculative level, and must be a plain statement possessing enough heft to show that the pleader is entitled to relief. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory allegations or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. In addition to the foregoing, a complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim or when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.

*WM Mobile Bay Envtl. Center, Inc. v. City of Mobile*, No. 18-0429-KD-MU, 2019 U.S. Dist.

5

LEXIS 17503, *3-4 (S.D. Ala. Feb. 1, 2019), *adopted by* 2019 U.S. Dist. LEXIS 27718, *1 (S.D. Ala. Feb. 20, 2019) (internal quotations and citations omitted).

In the alternative to Rule 12(b)(6), Defendant, Peoples, moves this Court to enter a judgment on the pleadings in Peoples' favor pursuant to Fed. R. Civ. P. 12(c). "To be entitled to relief under Rule 12(c), a movant must establish that the pleadings reveal no material issues of fact and that, drawing all reasonable inferences in the non-movant's favor, the movant is entitled to judgment as a matter of law." *Volvo Fin. Servs. v. JRD Contr., Inc.*, No. 17-0089-WS-B, 2017 U.S. Dist. LEXIS 105053, *3-4 (S.D. Ala. July 7, 201) *See, e.g., Perez v. Wells Fargo N.A.*, No. 13-13853, 774 F.3d 1329, 1335 (11th Cir. 2014) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."). A Rule 12(c) motion for judgment on the pleadings is analyzed by the Court under the same standards as Rule 12(b)(6) motions to dismiss. *Auto-Owners Ins. Co. v. United Way of E. Cent. Ala.*, No. 1:20-CV-00454-CLM, 497 F. Supp. 3d 1115, 1118 (N.D. Ala. October 23, 2020).

## **ARGUMENT**

**I.      Plaintiffs failed to state a claim under 42 U.S.C. § 1985(3) and Peoples is entitled to judgment as a matter of law.**

Plaintiffs' claims pursuant to 42 U.S.C. § 1985(3) are due to be dismissed because (1) they have not alleged that Peoples conspired to violate any of Plaintiffs' specific constitutional rights, (2) they failed to make sufficient factual allegations supporting their claims of invidiously discriminatory animus on the part of Peoples, and (3) they failed to make sufficient factual allegations in support of their claim of an agreement between Peoples and the other Defendants. As such, this Court should dismiss Plaintiffs' Section 1985(3) claims against Peoples for failure to state a claim or in the alternative enter a judgment in Peoples' favor under Fed. R. Civ. P. 12(c).

Section 1985(3) provides a cause of action against private individuals who "conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). A plaintiff must prove the following in a Section 1985(3) claim:

> (1) [A] conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Moore v. Marshall*, No. CA 19-0294-TFM-MU, 2020 U.S. Dist. LEXIS 12586, *47 (S.D. Ala. Jan. 24, 2020), *adopted as modified by* 2020 U.S. Dist. LEXIS 40299, (S.D. Ala. March 9, 2020) (internal quotations omitted).

As the Supreme Court has recognized, "[t]hat the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). In other words, Section 1985(3) should not be utilized "as a general federal tort law . . . ." *Id* at 102.

**A. Plaintiffs cannot show that Peoples conspired to violate any specific constitutional right.**

Of importance, "Section 1985(3) is not itself a source of substantive rights. 'It merely provides a remedy for violation of the rights it designates.'" *Ford v. Strange*, No. 2:13-CV-214- WKW, 2013 U.S. Dist. LEXIS 179534, *21 (M.D. Ala. Dec. 23, 2013) (quoting *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 766 (11th Cir. 2000)). In fact, "courts have been careful to limit causes of action brought under Section 1985 to only

7

those conspiracies that seek to deprive persons of constitutionally protected rights, privileges and immunities that are protected against private as well as official encroachment." *Benton v. Cousins Props., Inc.*, 230 F. Supp. 2d 1351, 1383 (N.D. Ga. Sept. 27, 2002) (internal quotation omitted).

Federal courts regularly dismiss Section 1985(3) claims where a plaintiff fails to allege that the defendant conspired to violate a specific constitutional right. *See, e.g., Rodemaker v. City of Valdosta Bd. of Educ.*, No. 7:21-CV-76 (HL), 2022 U.S. LEXIS 157603, *12 (M.D. Ga. Aug. 31, 2022), *appeal filed*, No. 22-13300 (11th Cir. Sept. 30, 2022) (dismissing the plaintiff's conspiracy claim because it "ma[de] no mention of a specific constitutional right"); *Amiri v. Gupta*, No. 7:18-cv-00425-RDP, 2018 U.S. Dist. LEXIS 123076, *13 (N.D. Ala. July 24, 2018) (dismissing the plaintiff's § 1985(3) claim, in part, because "the court [could] not discern any underlying civil right"); *Bethel v. Baldwin County Bd. of Educ.*, No. 06-0223-KD-C, 2007 U.S. Dist. LEXIS 112284, *21-22 (S.D. Ala. Aug. 22, 2007) (dismissing the plaintiffs' § 1985(3) claim because they "failed to allege a cognizable constitutional violation of which the [defendants] conspired to deprive her"); *Ayers v. Intown Suites Mgmt., Inc.*, No. 1:05-CV-1528-JOF, 2006 U.S. Dist. LEXIS 17280, *15 (N.D. Ga. March 21, 2006) (dismissing the plaintiff's § 1985(3) claim because she alleged only that the defendants conspired to deprive her of her "civil rights, of equal protection of the laws and of equal privileges and immunities under the law"); *Benton*, 230 F. Supp. 2d at 1383-1384 (dismissing the plaintiff's conspiracy claim because she only alleged that the defendants conspired to deprive her of her rights under 42 U.S.C. § 1981, and not of any of her constitutional rights).

In the case at hand, Plaintiffs do not allege that Peoples violated or conspired to

violate any of their specific constitutional rights. In fact, Plaintiffs do not mention any specific constitutional rights in Count II of their First Amended Complaint.[3] (Doc. 1-3, PageID.61-62, ¶ 94-99.) Instead, Plaintiffs only allege that "the Defendants refused to cooperate with the transition of power to the first black Mayor in this [sic] history of Newbern even though Braxton was officially certified as the Mayor of Newbern." (*Id.*, PageID.62, ¶ 97.) Plaintiffs then make the following conclusory allegation:

> The Defendants conspiracy to deprive Plaintiffs, on account of their race, (i) equal protection of the laws or (ii) equal privileges and immunities of the laws or (iii) preventing or hindering the properly constituted Town council and Mayor of the Town of Newbern from representing the majority black residents of the Town conduct violates 42 U.S.C. Section 1985(3).

(*Id.*, ¶ 99.) As discussed above, Section 1985(3) does not provide any substantive rights and a plaintiff must allege the violation of a specific constitutional right to proceed with a claim under that section. Due to the fact Plaintiffs have failed to do so in the First Amended Complaint and, instead, have only repeated the statutory language, they have failed to state a claim under Section 1985(3) and this Court should dismiss any such claims against Peoples.

   **B. Plaintiffs cannot show that Peoples acted with some invidiously discriminatory animus.**

Even if Plaintiffs could point to a constitutional right that Peoples purportedly conspired to violate, they have not made sufficient factual allegations to show that Peoples acted

---

[3] While Plaintiffs allege that the Town Defendants violated "the Equal Protection Guarantee of the Fourteenth Amendment to the United States Constitution" in Count I of the First Amended Complaint, those claims cannot survive against Peoples because Peoples is not alleged to have violated any such rights. (Doc. 1-3, PageID.57-61, ¶ 78-93.) Regardless, any such claims against Peoples are not cognizable under Section 1985(3) because no state action has been alleged by Plaintiffs. *See, e.g., Korts v. Littleton*, No. 8:09-cv-2122, 2009 U.S. Dist. LEXIS 117186, *4 (M.D. Fla. Dec. 16, 2009) (holding that "the plaintiff cannot premise a private conspiracy claim under Section 1985(3) on an intent to deprive the plaintiff of rights protected by the Fourteenth Amendment, which rights are not guaranteed against private impairment"); *Wilson v. Realty So., Inc.*, No. 04-HS-3261-S, 2005 U.S. Dist. LEXIS 57978, *3-6 (N.D. Ala. April 25, 2005) (holding that § 1985(3) claims based on violations of the Fifth or Fourteenth Amendment were due to be dismissed where there was no allegations of state action).

with any invidiously discriminatory animus towards them. The Eleventh Circuit has held that it is "the plaintiff's obligation to allege among other things, 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus' behind the defendant's action taken in furtherance of the conspiracy." *Dean v. Warren*, 12 F.4th 1248, 1255 (11th Cir. 2021) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). The "animus standard requires that the defendant proceeded on his course of conduct 'because of, not merely in spite of, its adverse effects upon an identifiable group.'" *Dean*, 12 F.4th at 1255 (quoting *Bray*, 506 U.S. at 271-72).

The Court should dismiss a Section 1985(3) claim where the plaintiff fails to plead sufficient facts regarding the defendants' alleged motivations, i.e., that the defendants acted with invidiously discriminatory animus. *See, e.g., Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir. 1989) (affirming the dismissal of § 1985(3) claims where the plaintiff alleged that he was subjected to a double standard because of his race and alleged race discrimination); *Coker v. Warren*, No. 3:22-cv-518-MMH-LLL, 2023 U.S. Dist. LEXIS 35139, *29 (M.D. Fla. March 2, 2023), *appeal filed*, No. 23-11160 (11th Cir. April 10, 2023) (dismissing § 1985(3) claims where the plaintiff did not "contend that [the defendants] were motivated by invidious discriminatory intent" and did not "include any allegations in [her conspiracy claim] concerning the motivations of the numerous [d]efendants involved in the alleged conspiracy"); *Anderson v. Vanguard Car Rental USA Inc.*, No. 05-61359- CIV-GRAHAM/SULLIVAN, 2008 U.S. Dist. LEXIS 137377, *8 (S.D. Fla. Feb. 29, 2008), *aff'd* 304 F. App'x 830 (11th Cir. Dec. 23, 2008) (finding no allegations of race-based invidiously discriminatory animus even though the plaintiff alleged that 99.9% of the individuals subject to the defendant's policy were Black and

specifically included "racial discrimination" language in the complaint); *Lake Lucerne Civic Ass'n, Inc. v. Dolphin Stadium Corp.*, 801 F. Supp. 684, 701 (S.D. Fla. 1992) (holding that the plaintiff failed to allege racial, discriminatory animus where they set forth the history of discrimination by one of the purported conspirators and the alleged disparate impact that the stadium at issue would have on a predominately Black middle-class residential neighborhood).

In *Dean*, African American cheerleaders at a public university were prohibited from kneeling during the national anthem at several football games. One of the cheerleaders filed suit against the university's leadership, the county sheriff, and a state legislator alleging, among other things, a conspiracy to commit civil rights violations under Section 1985(3). The cheerleader specifically alleged that the county sheriff engaged in a conspiracy to deprive her of her constitutional rights because (1) she was African American, and (2) she was protesting police brutality against African Americans. The district court granted the sheriff's motion to dismiss because the cheerleader failed to allege sufficient facts showing that the sheriff's actions were motivated by her race. While the Eleventh Circuit recognized that a conspiracy to violate the cheerleader's First Amendment rights because she was African American could satisfy the requirements of Section 1985(3), the court affirmed the district court's determination that she failed to plead sufficient facts to plausibly support her theory. 12 F.4th at 1256. The court went on to hold that because the sheriff's "targets are African American, without more, does not make it plausible that he targeted the cheerleaders *because* they are African American." *Id.* (emphasis original). The court also disposed of the plaintiff's argument that the protests were related to police brutality against African Americans, stating:

> Certainly [the protests] relate to race and racial issues . . . , and they support the theory that [the sheriff] discriminated against [the cheerleader] because of the content of her protests . . . . But discrimination based on the protesting of racial issues, no matter how compelling those issues are, is simply not the same as discrimination based on the race of the protestors. Thus, the additional allegations do not support [the cheerleader's] theory that [the sheriff] discriminated against her because she is African American.

*Id.* at 1257. In *Dean*, the court held that "[the cheerleader] failed to allege that [the sheriff] undertook the conspiracy because [she] and her teammates are African Americans" and agreed with the district court that the plaintiff's claims were insufficiently pled. *Id.* (emphasis added); *see also Will v. Food Giant Supermarkets, Inc.*, No. 1:17-cv-286-WKW-DAB, 2017 U.S. Dist. LEXIS 197270, *15-16 (M.D. Ala. Nov. 29, 2017) (dismissing the plaintiff's § 1985(3) claims because the complaint did not contain any allegations that race was a motivating factor behind the defendants' actions); *Curtis v. GTE Commc'n Sys. Corp.*, No. 90 C 0633, 1990 U.S. Dist. LEXIS 8584, (N.D. Ill. July 12, 1990) (dismissing the plaintiff's § 1985(3) claims because he failed to plead facts supporting his conclusory allegations that the defendants were motivated by racial animus and, instead, the facts pled are consistent with the theory that one of the defendants wanted to oust the plaintiff from his position in a labor union).

In this case, similar to *Dean*, Plaintiffs have failed to plead any facts showing that Peoples' alleged actions were motivated by their race. Instead, Plaintiffs only allege that:

- The Defendants have taken official actions to prevent Plaintiff Braxton from discharging his duties as Mayor and Plaintiffs Ballard, Patrick, Quarles and Scott from discharging their duties, responsibilities and privileges as Town council members on account of their race. (*Id.*, PageID.57-58, ¶ 80);

- The Defendants have continued to deprive Plaintiff Braxton of the rights

12

- and privileges of his job as Mayor because of his race. Defendants also continue to deprive Plaintiffs Patrick, Scott, and Quarles the right and privilege of serving on the Town council on account of their race. (*Id.*, PageID.62, ¶ 98);

- This is a claim against . . . Defendant Peoples Bank of Greensboro for negligently failing or refusing to prevent the unlawful conspiracy to deny Plaintiffs Braxton, Ballard, Patrick, Quarles and Scott equal protection under the laws or the equal privileges and rights of holding office because of their race. (*Id.*, PageID.62-63, ¶ 101); and

- Nonetheless, the Bank negligently failed or refused to prevent Defendant Stokes and other Individual Defendants from carrying out their conspiracy to deprive Plaintiffs equal protection under the law or of equal privileges and rights of holding office on account of their race. (*Id.*, PageID.63-64, ¶ 105).

In other words, Plaintiffs do not make any allegations regarding Peoples' (or the other Defendants') motivation and, instead, offer only the conclusory allegations that Peoples acted "because of" or "on account of" Plaintiffs' race.[4]  These allegations are insufficient to state a claim under Section 1985(3). Plaintiffs also make allegations regarding the

---

[4] To the extent Plaintiffs have made factual allegations that Peoples engaged in some type of political conspiracy to keep them from acting as Mayor and Town Council (and they have not), any such allegations are insufficient to state a claim under Section 1985(3).  *See, e.g., Harrison v. KVAT Food Mgmt., Inc.*, 766 F.2d 155, 162-63 (4th Cir. 1985) (affirming the district court's dismissal of a § 1985(3) action because a conspiracy to discourage a person from participating the in the affairs of a certain political party does not violate § 1985(3)); *Coker*, 2023 U.S. Dist. LEXIS 35139 at *29 (holding that opposing a plaintiff due to criticism of the city council did not constitute the racially discriminatory intent necessary to state a claim under § 1985(3)); *Anderson*, 2008 U.S. Dist. LEXIS 137377 at *8 (holding that motivation to make money or maximize profits do not satisfy the requirements of § 1985(3)); *Schneeweis v. Nw. Tech. College*, No. 97-1742, 1998 U.S. Dist. LEXIS 11389, *38 (D. Minn. June 1, 1998) (holding that a conspiracy for purely political purposes did not state a claim under § 1985(3)); *Lake Lucerne Civic Ass'n*, 801 F. Supp. at 701 (holding that "a purely economic and political" conspiracy failed to state a claim under § 1985(3)).

"history of race discrimination in the Black Belt." (*Id.*, PageID.60, ¶ 89.) As in *Lake Lucerne Civic Association*, allegations of a history of discrimination are insufficient to allege the invidiously discriminatory animus necessary to pursue a Section 1985(3) claim. As the Eleventh Circuit stated in *Dean*, the fact that the alleged "targets are African American, without more, does not make it plausible that [Defendants] targeted [Plaintiffs] *because* they are African American." 12 F.4th at 1256 (emphasis original). Because Plaintiffs have failed to state sufficient facts supporting their allegations that Peoples acted with invidiously discriminatory animus toward them, this Court should dismiss Plaintiffs' Section 1985(3) claim against Peoples.

### C. Plaintiffs cannot show the existence of an agreement or meeting of the minds between Peoples and the other Defendants.

In addition to Plaintiffs failing to plead the violation of any specific constitutional right or the existence of any invidiously discriminatory animus by Peoples, Plaintiffs have also failed to plead facts showing that Peoples entered into any agreement with Defendants to violate Plaintiffs' constitutional rights. As this Court has recognized, "importantly, it is incumbent upon a [plaintiff] to show some evidence of agreement between the defendants." *Moore*, 2020 U.S. Dist. LEXIS 12586 at *46.  In *Moore*, the Court dismissed a plaintiff's Section 1985(3) conspiracy claim because the plaintiff's allegations established that there was never any communication between the defendants at issue and, thus, there could be no conspiracy. *Id.*

In *Odom v. City of Anniston*, No. 1:21-cv-00612-ACA, 2021 U.S. Dist. LEXIS 162621, *7 (N.D. Ala. Aug. 27, 2021), the Court dismissed a Section 1985(3) claim because the plaintiff failed to allege sufficient facts regarding an agreement between the defendants. In that case, the plaintiff alleged that the city manager was in attendance at a

14

meeting where two other defendants attacked the plaintiff's character and implied that they were opposed to the plaintiff because of his race, and that one of the defendants spoke directly to the city manager during a city council meeting and asked him to "make a change." The city manager fired the plaintiff several months later. The Court held that these allegations "[were] not enough to support a reasonable inference that [the city manager] had a 'meeting of the minds' with [the defendants complained about the plaintiff]. *Id.* at *7; *see also Coker*, 2023 U.S. Dist. LEXIS 35139 at *28 (dismissing the plaintiff's § 1985(3) because the complaint "is largely devoid of factual allegations from which one could plausibly infer the existence of an agreement between the numerous [d]efendants allegedly involved); *Sams v. Ga West Gate, LLC*, No. CV415-282, 2017 U.S. Dist. LEXIS 13168, *15-16 (S.D. Ga. Jan. 30, 2017) (dismissing § 1985(3) claims for failure to allege the existence of an agreement where the plaintiffs alleged that certain defendants met with the city police chief and assured him they would "cooperate with the police").

As with their failure to plead Peoples' invidiously discriminatory animus, Plaintiffs also failed to plead sufficient facts supporting the existence of an agreement between Peoples and the other Defendants. In their First Amended Complaint, Plaintiffs make the following conclusory allegations regarding the alleged "agreement" between Peoples and the other Defendants:

- Defendant Stokes found willing participants in this plot in the City council members he had appointed and other powerful persons/entities such as the Defendant . . . Peoples Bank of Greensboro (Doc. 1-3, PageID.44-45, ¶ 2);

- As detailed below, the key to the success of this conspiracy required the cooperation of the . . . Defendant Bank (*Id.*, PageID.51-52, ¶ 44);

15

- [The Town Defendants] have told and obtained the consent of the Town's Bank to deny Mayor Braxton and the Plaintiffs all access to financial information regarding the Town's accounts. (*Id.*, PageID.57-58, ¶ 80);

- The Individual Defendants would not have succeeded in this plot . . . without the assistance of the Bank and the Post Master [sic]. (*Id.*, PageID.60, ¶ 90); and

- Defendant Stokes secured the agreement or consent of the [sic] Ms. Thiebe and the white leadership of the Bank to prevent Mayor Braxton from performing the duties of his job as Mayor of Newbern. (*Id.*, PageID.62, ¶ 96).

Here, Plaintiffs have generally alleged that Defendant Stokes "instructed" or "told" Peoples to deny the Plaintiffs access to financial information and that there was an "agreement" between Peoples and the remaining Defendants; they have not alleged that any specific communications between Peoples and any other Defendants occurred. These allegations, which are even weaker than those in *Odom*, are insufficient to state the existence of the requisite agreement to pursue a Section 1985(3) claim existed. As such, this Court should dismiss Plaintiffs' Section 1985(3) claim against Peoples and enter a judgment in Peoples' favor.

Plaintiffs' claims against Peoples have failed as Plaintiffs have failed to allege that Peoples violated any of their specific constitutional rights and, instead, allege generally that Peoples conspired to deprive them of equal protection of the laws, equal privileges and immunities of the laws, and of their ability to run the Town of Newbern. (Doc. 1-3, PageID.62, ¶ 99.) Even if Plaintiffs' allegations are true (and they are not), Plaintiffs cannot show that allegedly denying the Plaintiffs access to financial information from Plaintiff

16

Braxton or interfering with his "duties" as "Mayor" were clearly established violations of any of Plaintiffs' constitutional rights at the time they occurred. In fact, any such violations could not have been clearly established at the time they allegedly occurred because Plaintiffs' allegations, if true, support the existence of a question as to who was entitled to access the financial information for the Town of Newbern. (See, e.g., Doc. 1-3, PageID.50-52, 58, 62-63, ¶ 37, 42, 45, 80, 96, 104-105.) Because Plaintiffs have failed to allege that Peoples violated any specific constitutional right and, even if Peoples did, any such violation was not clearly established at the time it occurred, this Court should dismiss Plaintiffs' Section 1985(3) claims and a judgment as a matter of law is due to be granted for Peoples.[5]

## II.     Plaintiffs failed to state a claim under Section 1986.

"Section 1986 requires the plaintiff to prove that the defendant knew of a Section 1985 conspiracy, that he had the power to prevent (or aid in preventing) the constitutional violation made the object of the conspiracy, and that he failed to do so." *Muhammad v. Bethel-Muhammad*, No. 11-0690-WS-B, 2013 U.S. Dist. LEXIS 144586, *11 (S.D. Ala. Oct. 7, 2013). When a plaintiff fails to properly plead a conspiracy to violate an individual's civil rights pursuant to Section 1985(3), no Section 1986 claim can go forward. *Nicholson v. City of Daphne*, No. 07-0496-WS-M, 2009 U.S. Dist. LEXIS 57434, *22 (S.D. Ala. July 7, 2009) ("A claim under Section 1986 is derivative of a claim under Section 1985, and if the Section 1985 claim fails, the Section 1986 claim fails along with it."); *see also Will*, 2017 U.S. Dist. LEXIS 197270 at *15-16 (dismissing a claim under § 1986 where the

---

[5] Peoples does not take a position on who is determined to be the official Mayor or City Council of the Town of Newbern. Peoples has the legal duty to allow the proper legal government officials to access the town's bank account. Peoples would offer to the Court to interplead the money held in the name of the Town of Newbern pending a decision by this Court if this Court deems such action appropriate.

plaintiff "fail[ed] to state a cause of action for a § 1985 conspiracy"). In this case, Plaintiffs' Section 1986 claims fail because, as set forth above, Plaintiffs have failed to state a claim for a Section 1985(3) conspiracy, and this Court should dismiss Plaintiffs' Section 1986 claims against Peoples.

## CONCLUSION

As set forth above, Plaintiffs have failed to state a claim under 42 U.S.C § 1985(3) and 1986. Accordingly, Peoples respectfully requests that this Court grant its motion to dismiss and dismiss Plaintiffs' claims against Peoples or in the alternative enter a judgment on the pleadings in favor of Peoples.

Dated: July 21, 2023

Respectfully submitted,

*s/Woodruff R. Jones*
Woodruff R. Jones
GAMBLE, GAMBLE, CALAME & JONES, LLC
Attorneys for Defendant, Peoples Bank of Greensboro
P.O. Box 345
Selma, AL 36702-0345
PHONE: 334-875-7810
FAX: 334-874-4975
wrj@gamblelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

s/Woodruff R. Jones
Of Counsel for Defendant,
Peoples Bank of Greensboro