IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, and WANDA SCOTT, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 2:23-cv-00127-KD-N |
| HAYWOOD STOKES III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILE BROWN THOMAS, LYNN THIEBE, WILLIE RICHARD TUCKER, and PEOPLES BANK OF GREENSBORO, | * * * * * * * | |
| Defendants | * * | |

**PEOPLES BANK OF GREENSBORO'S
MOTION TO STAY DISCOVERY**

COMES NOW Defendant Peoples Bank of Greensboro (hereinafter "Peoples"), by and through counsel, and files this Motion to Stay Discovery pursuant to Fed. R. Civ. P. 26(c) and respectfully requests this Court to stay all discovery as to this Defendant pending the resolution of its motion to dismiss or in the alternative motion for judgment on the pleadings. In support of its motion to dismiss or in the alternative motion for judgment on the pleadings, Defendant states as follows:

1. Plaintiffs originally filed this action in the Circuit Court of Dallas County, Alabama, on November 23, 2022. (Doc. 1-3, PageID.8). Defendants Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker (hereinafter "Newbern

Defendants") removed this action to this Court on April 17, 2023. (Doc. 2, PageID.241). Peoples

Bank consented to the removal on April 17, 2023 (Doc 2-11 PageID.302).

2.  On June 1, 2023, the parties submitted the Report of the Parties' Planning Meeting. (Doc.

9, PageID.352). On June 7, 2023, this Court conducted a scheduling conference. This Court

entered its Rule 16(b) scheduling order on June 7, 2023, setting a deadline for discovery to be

completed by July 15, 2024. (Doc. 16).

3.  On July 21, 2023, Peoples filed its motion to dismiss or in the alternative motion for

judgment on the pleadings (Doc 24, PageID.427), specifically asserting that they are entitled to

judgment as a matter of law on all of Plaintiffs' claims filed against Peoples.

4.  Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense,

including one or more of the following: (A) forbidding the disclosure or discovery; . . . . [and] (B)

specifying terms, including time and place or the allocation of expenses, for the disclosure or

discovery[.]"

5.  This Court has wide discretion as to discovery matters and in setting discovery limits.

*United States ex rel. Carter v. Physicians Pain Specialists of Ala., P.C.*, 2017 WL 11698072, * 1

(S.D. Ala. September 1, 2017).

6.  In *Chudasama v. Mazda Motor Corp*, the Eleventh Circuit stated the following in regard

to staying discovery:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to
> dismiss based on failure to state a claim for relief, should
> . . . be resolved before discovery begins. Such a dispute always presents a purely
> legal question; there are no issues of fact because the allegations contained in the
> pleading are presumed to be true.

123 F.3d 1353, 1367 (11th Cir. 1997).

7.  Here, a stay of discovery should be entered because Peoples has filed a motion to dismiss or in the alternative motion for judgment on the pleadings. In its motion, Peoples asserts that Plaintiffs have failed to allege a viable Section 1985(3) claim or Section 1986 claim against Peoples. Moreover, Peoples has argued that Plaintiffs cannot show that Peoples violated any specific constitutional right or that Peoples acted with some invidiously discriminatory animus or the existence of an agreement between Peoples and the other Defendants. Specifically, Peoples has argued that Plaintiffs cannot show that denying the Plaintiffs access to financial information violated any of Plaintiffs' constitutional rights.

8.  The Plaintiffs will not suffer any prejudice if this action is stayed as to Peoples. Moreover, there is sufficient time for completion of discovery, which is scheduled to end on July 15, 2024, and for trial preparation, which is currently set for January 2025.

9.  The Plaintiffs' attorneys have been consulted and do not consent to the motion to stay.

10. Should Peoples' motion to dismiss or in the alternative motion for judgment on the pleadings be granted, Peoples would not be required to participate in discovery in this case.

Accordingly, Peoples requests that this Court exercise its discretion by staying discovery as to Peoples until the motion to dismiss or in the alternative motion for judgment on the pleadings is resolved.

Respectfully submitted this the 25th day of July, 2023.

<div style="margin-left:40%">

s/Woodruff R. Jones
Woodruff R. Jones (ASB-9808-O64J)
GAMBLE, GAMBLE, CALAME &
JONES, LLC
Attorneys for Defendant, Peoples Bank of
Greensboro
P.O. Box 345
Selma, AL 36702-0345
PHONE:  334-875-7810
FAX:  334-874-4975

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 25, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

<u>s/Woodruff R. Jones</u>
Of Counsel for Defendant,
Peoples Bank of Greensboro