IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PATRICK BRAXTON**, *et al.*,       ) | |
|     **Plaintiffs,**       ) | |
| )  | |
| **v.**       ) | **CIVIL ACTION: 1:23-00127-KD-N** |
| )  | |
| **HAYWOOD STOKES**, *et al.*,       ) | |
|     **Defendants.**       ) | |

**ORDER**

This matter is before the Court on a "Joint Stipulation of Dismissal of Defendant People's Bank of Greensboro" filed by Plaintiffs and Defendant People's Bank of Greensboro. (Doc. 49). As grounds, Plaintiffs cite Rule 41(a)(1)(A) of the Federal Rule of Civil Procedure.

The Court's review of the record indicates that a Rule 41(a)(1)(A) dismissal of said defendant is not available because an answer has already been filed in this case. (Doc. 5). Likewise, a Rule 41(a)(1)(A)(ii) dismissal of said defendant is not available because the Joint Stipulation was not signed by all parties who have appeared in this case. Nevertheless, a motion to dismiss or notice of dismissal under Rule 41 may be filed as to one (1) defendant without dismissing the entire action. See, e.g., Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant ..."); Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973)[1] ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)]...."). Specifically, Rule 41(a)(2) permits

---

[1] Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

1

a plaintiff to dismiss voluntarily an action "upon order of the court and upon such terms and conditions as the court deems proper." This includes a plaintiff's action as to one (1) defendant. See *supra*. See also e.g., Family Medicine Pharmacy, LLC v. Goodman, 2021 WL 298418 (S.D. Ala. Jan. 14, 2021) (finding proper a plaintiff's dismissal of less than all defendants via Rule 41(a)(2)). As such, in this instance, the vehicle through which Plaintiffs may accomplish dismissal of their claims against this one (1) defendant is Rule 41(a)(2), and "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam).

Upon consideration, the Court construes the Joint Stipulation (Doc. 49) as Plaintiffs' Rule 41(a)(2) motion to dismiss Defendant People's Bank of Greensboro as a defendant in this case. It is **ORDERED** that Plaintiffs' motion (Doc. 49) is **GRANTED**, and Defendant People's Bank of Greensboro is **DISMISSED without prejudice**.

**DONE** and **ORDERED** this the **12th** day of **September 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**