;IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BRAXTON, *et al.*,<br>    Plaintiffs, | )<br>)<br>) |
| v. | ) CIVIL ACTION 2:23-00127-KD-N |
|  | ) |
| HAYWOOD STOKES III, *et al.*,<br>    Defendants. | )<br>) |

**ORDER**

This matter is before the Court on "Plaintiffs' Unopposed Motion for Leave to Amend Complaint" which moves for leave to amend the First Amended Complaint to file a Second Amended Complaint and includes the proposed Second Amended Complaint. (Doc. 50).

On November 21, 2022, Plaintiff Patrick Braxton initiated this litigation in the Circuit Court of Dallas County, Alabama, CV-2022-900217.  (Doc. 1-3).  On March 17, 2023, Plaintiff Patrick Braxton filed a First Amended Complaint, adding plaintiffs, defendants, and factual allegations.  (Doc. 2-8). On April 14, 2023, the United States of America, on behalf of Defendant Lyn Thiebe, filed a Notice of Removal to remove the case to this Court. (Doc. 1).  On April 17, 2023, Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker, filed a Notice of Removal to remove the case to this Court. (Doc. 2). On July 21, 2023, Defendants  Gary Broussard, Jesse Donald Leverett, Haywood Stokes, III, Voncille Brown Thomas, and Willie Richard Tucker filed a Motion for Judgment on the Pleadings. (Docs. 26, 27). On September 11, 2023, Plaintiffs filed an unopposed motion for leave to amend the First Amended Complaint with a proposed Second Amended Complaint. (Doc. 50).

At the outset, Plaintiffs move for leave to amend the First Amended Complaint and file a Second Amended Complaint as their Response to the Defendants' Motion for Judgment on the

1

Pleadings: "Plaintiffs have retained additional counsel to assist in this matter and Plaintiffs' new counsel have not requested more time, instead moving as quickly as possible to meet the … time to respond to the judgment of the pleadings[] … [and] … request to amend the complaint in response to the Defendants' motion for a judgment on the pleadings and to potentially obviate the need for further motion practice."  (Doc. 50 at 4). Specifically, to "(1) correct pleading deficiencies raised in Defendants' motion for judgment on the pleadings; (2) remove Defendant People's Bank as a party; (3) remove Plaintiffs' 42 U.S.C. § 1986 claim; (4) add the Defendant Town of Newbern; (5) add Plaintiff Dorothy Holley; (7) add a substantive due process claim and Voting Rights Act Section 2 claim; (8) add additional factual allegations to support Plaintiffs' two additional claims; and (9) add additional prayers of relief corresponding to these additional claims."  (Id. at 2).

At this stage in the litigation, the ability to amend under Federal Rule of Civil Procedure 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for Plaintiffs' amendment. Absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted).  Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

While there is no written consent filed by Defendants, Plaintiffs' motion indicates that the

Defendants do not oppose the requested amendment. (Doc. 50 at 4). Additionally, upon consideration of the relevant factors, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the Defendants via the amendment, and/or futility.  Additionally, Plaintiffs assert that permitting the amendment and the filing of a Second Amended Complaint will essentially moot Defendants' pending Motion for Judgment on the Pleadings ("obviate the need" to further brief the motion).

As stated *supra*, the Court is instructed to "freely give leave" to amend "when justice so requires" and when there is not "a substantial reason" to deny same.  Upon consideration, it is **ORDERED** that Plaintiffs' unopposed motion for leave to amend the First Amended Complaint and file a Second Amended Complaint (Doc. 50) is **GRANTED.** As a result, it is further **ORDERED** that Defendants' Motion for Judgment on the Pleadings is **MOOT.**

**DONE** and **ORDERED** this the **2nd** day of **October 2023.**

/s/ Kristi K. DuBose  
**KRISTI K. DUBOSE**  
**UNITED STATES DISTRICT JUDGE**