IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, WANDA SCOTT, and DOROTHY HOLLEY, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 2:23-cv-00127-KD-N |
| HAYWOOD STOKES III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, WILLIE RICHARD TUCKER, and the TOWN OF NEWBERN, | * * * * * | |
| Defendants. | * | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, Willie Richard Tucker, and the Town of Newbern (hereinafter "Defendants"), by and through counsel, and file this reply in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendants state as follows:

**I.     Plaintiffs admit there are no individual capacity claims, therefore all the individual Defendants should be dismissed with prejudice because there are no individual claims and the official capacity claims are redundant.**

Any official capacity claims that Plaintiffs seek to assert against the individual Defendants are due to be dismissed, as they are redundant to Plaintiffs' federal claims brought against the Town of Newbern. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A § 1983 claim against a person in his official capacity seeks to impose liability on the entity which he represents, and not on him personally. *See, e.g., Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995). The Eleventh Circuit has explained the distinctions between these two capacities:

> Personal capacity suits seek to impose personal liability upon a government official for actions he takes under the color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' In other words, a plaintiff in an action against a government official in her personal capacity can recover only against the official's personal assets. The assets of the governmental entity are not accessible. The reverse is true in an official capacity lawsuit. Furthermore, 'to establish personal liability in a §1983 action, it is enough to show that the official acting, under color of state law, caused the deprivation of a federal right...[I]n an official capacity suit, the entity's policy or custom must have played a part in the violation of federal law.'

> *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992).

Plaintiffs' response to Defendants' motion to dismiss clearly states that "Defendants are sued in their official capacity for injunctive and declaratory relief" and "Plaintiffs' [second amended complaint] does not assert a claim for damages relief against Defendants as individuals." (Doc. 65, p. 26). Accordingly, the Defendants move to dismiss all official capacity claims against them as redundant to the claims against the Town.

## II.    Plaintiffs have failed to show a legitimate claim to the political offices they seek.

In their response to Plaintiffs' motion to dismiss, Plaintiffs did not dispute Defendants' contention that Plaintiffs James Ballard, Barbara Patrick, Janice Quarles, and Wanda Scott do not have a legitimate claim to be council members for the Town of Newbern because they were not elected. *See* Alabama Code § 11-43-40. As in their second amended complaint, Plaintiffs' response to Defendants' motion to dismiss clearly states that these Plaintiffs were appointed instead of elected. (Doc. 65, p. 8). Plaintiffs allege that "[t]he [Alabama] Code does not specify how town councilmembers should assume office if there are no qualifying candidates." (*Id.*, p. 7). To the contrary, Alabama Code § 11-46-72 clearly sets out the procedure for the election of Town council members when no one properly qualified. Therefore, these Plaintiffs do not have a valid claim to office because a council member can be appointed by other council members only if there is a vacancy on the council pursuant to Alabama law. In this case, there were no validly

3

elected council members to fill vacancies. *See* Alabama Code § 11-43-41. Accordingly, Plaintiffs Ballard, Patrick, Quarles, and Scott have no right to the office they seek under Alabama law, and their claims are due to be dismissed.

Likewise, Plaintiffs also failed to address Defendants' argument that Plaintiff Braxton was removed from office by operation of law. Defendants contend that if Mayor Braxton was elected Mayor of Newbern as Plaintiffs allege, he was removed from office by Alabama Code § 11-40-25(b), which removes any elected municipal official who misses all or regular specially called council meetings for ninety consecutive days. It was not possible for Plaintiff Braxton to retain the position of Mayor because it was impossible for him to attend a council meeting with the required quorum. (Doc. 57, ¶ 99-100). Thus, Braxton was removed by operation of law ninety days after the first Monday in November following the election. *See* Ala. Code § 11-43-44. Therefore, Plaintiff Braxton has no legitimate claim to be Mayor. As with the other Plaintiffs, Plaintiff Braxton's claims are due to be dismissed.

### III. Plaintiffs' Section 2 Voting Rights Claim is due to be dismissed because Plaintiffs cannot show that their alleged denial of the right to participate in Town elections was on account of their race.

Plaintiffs' Section 2 Voting Rights Act claim is due to be dismissed because Plaintiffs cannot show discriminatory results as required by the Voting Rights Act. Plaintiffs argue that the 1982 Senate Report regarding the Voting Rights Act is "the authoritative source for legislative intent" regarding the amended Section 2. (Doc.

4

65, p. 12, f. 1). However, the Eleventh Circuit has held that the Senate Report does not override the plain language of Section 2 itself, which states the following:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which *results* in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color . . . .

*Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 72 F.3d 1556, 1563 (11th Cir. 1996) (emphasis added). Furthermore, the Eleventh Circuit held that the Senate report "does not require, or even allow, us to hold that intent alone is sufficient under § 2." *Johnson*, 72 F.3d at 1563 (finding the Senate Report to be "ambiguous"). Instead, "in order to prevail on a § 2 claim, a plaintiff must prove discriminatory results." *Id.* at 1564. ("We are bound by Supreme Court holdings, not by statements in legislative committee reports.").

Moreover, Section 2(b) of the Act explains what must be shown to establish a Section 2 Voting Rights Act violation. Section 2(b) states that § 2 is violated only where "the political processes leading to nomination or election" are not "equally open to participation" by members of the relevant protected group "*in that its members have less opportunity* than other members of the electorate to participate in the political process and to elect representatives of their choice." *Brnovich v. Democratic National Committee*, 594 U.S. ___, 141 S.Ct. 2321, 210 L.Ed.2d 753 (2021) (emphasis in original).

5

If Plaintiffs' facts are taken in the light most favorable to Plaintiffs and deemed true, Defendants failed to provide notice of the election to <u>any</u> residents, which would result in the prevention of <u>all</u> residents to participate in the election as either a candidate or voter, not just Black residents of the Town of Newbern. (Doc. 57, ¶ 146). More importantly, Plaintiffs have not alleged facts showing that Defendants' actions either "resulted in" the denial or abridgement of the right to vote or that any such denial or abridgement of the right to vote was "on account of race or color" under Section 2(a). Plaintiffs attempt to show that the Town's Black citizens in the Town of Newbern have less opportunity than white citizens to participate because they make up the majority of the Town electorate with 85% of the population. (Doc. 65, p. 13). However, the fact that there are more Black people in the Town of Newbern's population than other races does not negate the requirement that Plaintiffs must show that they had less opportunity to participate than other members of the electorate.

Plaintiffs argue that voting practices affecting people of all races can still violate Section 2 if they place a disproportionate burden on Black voters. (Doc. 65, p. 12). Yet Plaintiffs have failed to show how Defendants' alleged actions did just that. While Plaintiffs have alleged that Black voters make up the majority in the Town, they fail to show that Defendants' alleged actions produced discriminatory results or resulted in a disproportionate burden on Black voters. "It is circumstantial

6

evidence of discriminatory results that should be considered in assessing the 'totality of the circumstances.'" *Johnson*, 72 F.3d at 1565.

If Plaintiffs' allegations are taken as true at this stage and the Town failed to hold elections, then <u>no</u> Town citizens—save for the five individual Defendants serving on the Town council—were permitted to participate in the political processes of the Town of Newbern. Plaintiffs have failed to show that Black citizens had less opportunity to participate or that a disproportionate burden was placed on Black citizens when they allege that only a "secret election" was held with no notice given to anyone else. (Doc. 57, ¶ 146). Accordingly, Plaintiffs cannot show that the Defendants' alleged conduct resulted in the denial of their right to vote on account of their race, and Plaintiffs' Voting Rights Act claim is due to be dismissed.

**IV.    Plaintiffs' intentional discrimination claim should be dismissed because Plaintiffs cannot show that Defendants intended to discriminate against them because of their race.**

Plaintiffs have failed to show that Defendants intended to discriminate against Plaintiffs <u>because</u> of their race. Plaintiffs attempt to show that Defendants intended to discriminate because of race by stating that Defendants "secretly organized an election and provided no notice to Newbern's Black residents." (Doc. 65, p. 15-16). Yet Plaintiffs' own "factual background" states that Defendants failed to give notice of the election to "Plaintiffs or <u>other members of the public</u> about qualifying deadlines, time, date, or other relevant information about the special election." (*Id.*,

7

p. 8). Thus, Plaintiffs cannot show that Defendants intentionally discriminated against Plaintiffs because of their race, and their claim is due to be dismissed.

Moreover, in their response to Defendants' motion to dismiss, Plaintiffs allege that they provided sufficient support for their assertions within their second amended complaint. (Doc. 65, p. 16). However, most of Plaintiffs' allegations are based "upon information and belief" and are not entitled to a presumption of truth. *See* Doc. 57, ¶¶ 25-26, 31, 42, 44, 45, 46, 48, 52, 55, 57. "Conclusory allegations founded on 'information and belief' are insufficient to defeat a motion to dismiss." *Resnick v. City of Troy*, 2019 WL 2092567, *6 (M.D. Ala. May 13, 2019) (citing *Mann v. Palmer,* 713 F.3d 1306, 1315 (11th Cir. 2013) (The Court does "not have to take as true . . . allegations 'upon information and belief.'"). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Doe v. Univ. of Ala. in Huntsville*, 177 F. Supp. 3d 1380, 1392 (M.D. Ala. 2016). Accordingly, Plaintiffs have failed to show that Defendants intended to discriminate against them because of their race and have failed to allege a viable claim of intentional discrimination.

## V.    Plaintiffs cannot show a violation of their due process rights.

8

Plaintiffs allege that the individual Defendants "organized an illegal special election" to "reappoint themselves to the Town Council" after Plaintiff Braxton "lawfully" attempted to appoint people to the Town of Newbern Town Council in violation of their due process rights. (Doc. 57, ¶ 132; *see also* Doc. 65, p. 18). However, the individual Defendants only remained in office pursuant to Alabama law, as Alabama law does not provide for the appointment of Town Council members. Instead, Alabama Code § 11-46-72 states that "the incumbent officers shall remain in office until their successors shall be elected and qualified" and an election can occur. While Plaintiffs refer to this election as an "illegal secret election," the Defendants followed Alabama law by remaining in office and holding an election on October 6, 2020.

Plaintiffs cite *Gonzalez v. Governor of Georgia* in support of their contention that a due process rights violation results when someone is appointed to an office instead of an election being held. 978 F. 3d 1266 (11th Cir. 2020). However, *Gonzalez* is distinguishable from the facts of this case. In *Gonzalez*, the Eleventh Circuit upheld the district court's decision that a state statute allowing a district attorney appointed by the governor to serve beyond the remainder of the unexpired four-year term of the prior district attorney without an election conflicted with the state constitution and federal Due Process Clause. *Gonzalez*, 978 F. 3d at 1271. Here, the Town council members simply remained in office until they held an election on

9

October 6, 2020, pursuant to Alabama law. Thus, unlike in *Gonzalez*, a subsequent election was still held. Accordingly, the Defendants did not violate Plaintiffs' due process rights.

Further, when the individual Defendants were properly elected to the Town Council, they filled the vacancy of Mayor created by Braxton's removal by operation of law pursuant to Alabama law. Specifically, Alabama Code § 11-44g-2(2) provides that "[i]n the event of a vacancy from any cause in the office of mayor, the city council shall fill the vacancy either from its own membership or from without the membership of the city council." Thus, by appointing Defendant Stokes as Mayor upon Braxton's removal by operation of law, Defendants properly followed Alabama law. Accordingly, Plaintiffs have failed to show a violation of their due process rights, and this claim should be dismissed.

### VI. Plaintiffs' § 1985 conspiracy claim is due to be dismissed, as Plaintiffs cannot show that Defendants had a discriminatory motive or made an unlawful agreement.

Defendants did not have any discriminatory motive when they followed Alabama law by holding a "secret meeting" to select the Town Council members when no one properly qualified for the position. Plaintiffs can also not show that Defendants' had a racially discriminatory motive when, as Plaintiffs' allege, notice was not provided to any Town resident. (Doc. 65, p. 23).

Additionally, Plaintiffs cannot show that the Defendants made an unlawful

agreement to violate Plaintiffs' rights when they followed Alabama Code § 11-46-72 and met to select the Town Council members after no one properly qualified. Alabama Code § 11-46-72 states that "the incumbent officers shall remain in office until their successors shall be elected and qualified" and an election can occur. Without any support, Plaintiffs allege that Defendants held a "secret meeting" to keep a Black mayor and Black Town Council from taking office. Instead, Defendants were following Alabama law by remaining in office and holding a meeting to select the Town Council members when no one properly qualified for the Town council positions. Plaintiffs cannot show an unlawful agreement among Defendants if they are following Alabama law. Thus, Plaintiffs have not sufficiently alleged that Defendants acted with any discriminatory motive or made an unlawful agreement, and Plaintiffs' § 1985 conspiracy claim is due to be dismissed.

**VII. The Court should dismiss all punitive damages claims against the Town based on municipal immunity.**

The Town moves to dismiss all punitive damages claims against it based on municipal immunity. As discussed above, in their response to Defendants' motion to dismiss, Plaintiffs allege that Defendants are sued in their official capacity for injunctive and declaratory relief and that the damages they seek are sought only against the Town. (Doc. 65, p. 26). Municipalities are immune from punitive damages under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247,

11

271 (1981) ("A municipality is immune from punitive damages under 42 U.S.C. § 1983").

Furthermore, municipalities are immune from punitive damages under Alabama law. Alabama Code § 6-11-26 states that "[p]unitive damages may not be awarded against the State of Alabama or any county or municipality thereof . . . ." *See also Barnett v. Baldwin Cnty. Bd. of Educ.*, 60 F.Supp.3d 1216 (dismissing Plaintiffs' punitive damages claims brought pursuant to both state and federal laws against State entities and officials sued in their official capacity); *Windham v. City of Fairhope*, 2013 WL 1679355 (S.D. Ala. April 16, 2013) (granting motion to dismiss punitive damages claims against the City). In their response to Defendants' motion to dismiss, Plaintiffs state that "their damages relief is sought against only the Defendant Town of Newbern." (Doc. 65, p. 26). Accordingly, this Court should dismiss all punitive damages claims against the Town based on municipal immunity.

## CONCLUSION

As set forth above and in Defendants' motion to dismiss, Plaintiffs have failed to allege viable claims against the Defendants under the Voting Rights Act, 42 U.S.C § 1983, and 42 U.S.C. § 1985(3). Accordingly, the Defendants respectfully request that this Court dismiss Plaintiffs' second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 16th day of November, 2023.

/s/Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
M. Ashley Tidwell (ASB-3974-O48M)
Morgan B. Beckman (ASB-3529-T81J)
Attorneys for Defendants

OF COUNSEL:

Holtsford Gilliland Hitson Howard
        Stevens Tuley & Savarese, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver, Davies & Rouco, LLP
2 North 20th Street, Suite 930
Birmingham, AL 35203

Morenike Fajana
Leah Wong
40 Rector Street, 5th Floor
New York, NY 10006

by placing same in the United States Mail, postage prepaid, or through the court's electronic filing service, on this the _16th_ day of November, 2023.

/s/Rick A. Howard
OF COUNSEL

13