IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, WANDA SCOTT, and DOROTHY HOLLEY, *<br>*<br>*<br>*<br>*<br>Plaintiffs, *<br>*<br>v. *<br>*<br>HAYWOOD STOKES III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, WILLIE RICHARD TUCKER, and the TOWN OF NEWBERN, *<br>*<br>*<br>*<br>*<br>*<br>*<br>Defendants. * | 2:23-cv-00127-KD-N |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO MODIFY DISCOVERY STAY

COME NOW Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, Willie Richard Tucker, and the Town of Newbern (hereinafter "Defendants"), by and through counsel, and in response to Plaintiffs' motion to modify the discovery stay, file this response in opposition. In support of their opposition, Defendants state as follows:

1. Defendants filed a Motion to Stay Discovery on July 25, 2023. (Doc. 28). Plaintiffs filed a response in opposition to Defendants' Motion to Stay Discovery on August 1, 2023. (Doc. 39).

2.     On August 18, 2023, this Court granted Defendants Motion to Stay Discovery. (Doc. 43).

3.     On February 20, 2024, Plaintiffs filed a motion to file a third-amended complaint. (Doc. 71). On the same date, Plaintiffs filed a motion to lift the stay of discovery in this case. (Doc. 72). The Plaintiffs' motion to file a third-amended complaint was granted, and Plaintiffs filed their third-amended complaint on February 23, 2024. (Doc. 73).

4.     Defendants filed a Motion to Dismiss Plaintiffs' third-amended complaint on March 8, 2024. (Doc. 76, 77). Because Plaintiffs' third-amended complaint is also due to be dismissed, Defendants assert that the discovery stay should not be lifted at this time.

5.     This Court has wide discretion as to discovery matters and in setting discovery limits. *United States ex rel. Carter v. Physicians Pain Specialists of Ala., P.C.*, 2017 WL 11698072, * 1 (S.D. Ala. September 1, 2017).

6.     As Defendants noted in their motion to stay discovery, in *Chudasama v. Mazda Motor Corp*, the Eleventh Circuit stated the following in regard to staying discovery:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

123 F.3d 1353, 1367 (11th Cir. 1997).

7.      Moreover, discovery is controlled by the allegations in a plaintiff's complaint. "Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).

8.      Defendants assert that Plaintiffs' third-amended complaint is not a well-pleaded complaint. Instead, Plaintiffs' have failed to assert a claim upon which relief can be granted and have filed another shotgun pleading.

9.      Here, a stay of discovery should be maintained because, as stated in Defendants' motion to dismiss, the Plaintiffs have no legitimate claim to the political positions they claim to hold.

10.     Plaintiffs' third amended complaint is also still a shotgun pleading and as such, is due to be dismissed. Specifically, Plaintiffs' third amended complaint still falls under the type-three deficiency with Counts I and II. Plaintiffs attempted to remedy this deficiency by calling Count I "Intentional Race Discrimination in the Creation and Maintenance of the Hand-Me-Down Governance System" and including a second intentional race discrimination for the "Denial and Abridgement of the Rights of Black Candidates to Run for Office." Doc. 75, PageID. 875, 880). However, still embedded in Count I are other potential claims such as due process and equal protection. As was noted in Judge Nelson's Report and Recommendations,

Count I of Plaintiffs' third-amended complaint still potentially includes the following four alleged conspiracies: (1) to deny Newbern residents the right to vote generally; (2) to prevent Braxton from taking office as mayor; (3) to prevent Braxton's appointed council members from taking office; and (4) to prevent Newbern residents from voting in the special election. (Doc. 70, PageID: 788-89).

11.    Likewise, Plaintiffs' Count II is another intentional race discrimination claim entitled "Denial and Abridgement of the Rights of Black Candidates to Run for Office," and as with Count I, includes allegations of various conspiracies and other potential claims.

12.    Because there are still elements of a shotgun pleading, Defendants request the stay remain until the motion to dismiss has been resolved. *See Armstrong v. City of Boaz*, 2016 WL 11670255, *5, fn. 3 (M.D. Ala. October 5, 2016) (continuing to enforce a stay of discovery in a case involving a shotgun pleading).

13.    Furthermore, Defendants dispute Plaintiffs' claim that Defendants will not face unfair prejudice if the discovery stay is lifted prior to this Court ruling on Defendants' motion to dismiss. (Doc. 72, PageID: 847). Instead, Defendants assert that they will be unfairly prejudiced if discovery is allowed to proceed in this case as to claims that may potentially be dismissed.

14.    Instead, maintaining the discovery stay prior to a ruling on the Defendants' motion to dismiss would prevent "avoidable" and "unnecessary costs

4

to the litigants and to the court system" should this Court dismiss all or part of Plaintiffs' third-amended complaint. *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1368 (11th Cir. 1997).

15.    In their third-amended complaint, Plaintiffs have failed to state a claim upon which relief can be granted and do not have a valid claim to the offices they claim to hold. Accordingly, they have failed to show that the discovery stay in this case should be lifted or in any way modified prior to a ruling from this Court as to Defendants' motion to dismiss. Thus, Defendants request that this Court deny Plaintiffs' motion to modify the stay of discovery in this case.

16.    If the stay of discovery is lifted, Defendants request that this Court enter a new scheduling order extending each date by at least ten months, as the original scheduling order was entered on June 7, 2023.

Respectfully submitted this the 18th day of March, 2024.

*/s/Rick A. Howard*
Rick A. Howard (ASB-9513-W79R)
M. Ashley Tidwell (ASB-3974-O48M)
Morgan B. Beckman (ASB-3529-T81J)
Attorneys for Haywood Stokes III,
Gary Broussard, Jesse Donald Leverett,
Voncille Brown Thomas, Willie
Richard Tucker, and the Town of Newbern

OF COUNSEL:

Holtsford Gilliland Hitson Howard
        Stevens Tuley & Savarese, P.C.
Post Office Box 4128

Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon:

Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver, Davies & Rouco, LLP
2 North 20th Street, Suite 930
Birmingham, AL 35203

Morenike Fajana
Leah Wong
40 Rector Street, 5th Floor
New York, NY 10006

by placing same in the United States Mail, postage prepaid, or through the court's electronic filing service, on this the 18 day of March, 2024.

/s/Rick A. Howard
OF COUNSEL