IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK BRAXTON, JAMES BALLARD, BARBARA PATRICK, JANICE QUARLES, WANDA SCOTT, and DOROTHY HOLLEY, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 2:23-cv-00127-KD-N |
| HAYWOOD STOKES III, GARY BROUSSARD, JESSE DONALD LEVERETT, VONCILLE BROWN THOMAS, WILLIE RICHARD TUCKER, and the TOWN OF NEWBERN, | * * * * * * | |
| Defendants. | * | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, Willie Richard Tucker, and the Town of Newbern (hereinafter "Defendants"), and file this reply in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendants state as follows:

I.    **Plaintiffs' Third-Amended Complaint is due to be dismissed because Plaintiffs admit the election of Plaintiff Braxton was not a valid election under Alabama law.**

In their response to Defendants' motion to dismiss, Plaintiffs allege that Defendants failed to give notice of any elections for mayor and town council "for at

least sixty years," including the election of Plaintiff Braxton as mayor in 2020. (Doc. 82, PageID: 1103, 1122) Plaintiffs allege that the Alabama Supreme Court requires strict compliance with its election laws and cite Alabama Supreme Court cases invalidating elections for failure to give notice of the election. (Doc. 82, PageID: 1121).

If Plaintiffs' facts are taken in the light most favorable to Plaintiffs and deemed true, Plaintiff Braxton's purported election as Mayor of the Town of Newbern is thus invalid under Alabama law due to Defendants' alleged failure to give notice of that election. If Plaintiff Braxton was not validly elected as mayor, he could not appoint people to serve as Town Council members, even if Alabama law allowed for the appointment of Town Council members. If Plaintiff Braxton's election is invalid because of Defendants' lack of notice, all of Plaintiffs' claims in their third-amended complaint are due to be dismissed.[1]

## II.    Plaintiffs cannot show a legitimate claim to the political offices they seek.

Plaintiffs James Ballard, Barbara Patrick, Janice Quarles, and Wanda Scott do not have a legitimate claim to be council members for the Town of Newbern because

---

[1] Further, if Plaintiffs' alleged facts are true and Plaintiffs' reasoning correct, Plaintiffs Braxton, Ballard, Patrick, Quarles, and Scott apparently conspired to violate Plaintiff Holley's rights when Plaintiff Braxton appointed Plaintiffs Ballard, Patrick, Quarles, and Scott as Town Council members in Braxton's "hand-me-down governance." Neither Dorothy Holley nor any voters of the Town of Newbern were given notice of the appointment of these Council members or allowed to vote. By Plaintiffs' reasoning, Braxton and his "hand-me-down-governance" Council members are liable to Holley, thus creating a conflict among Plaintiffs.

they were not elected. *See* Alabama Code § 11-43-40. As in their third amended complaint, Plaintiffs' response to Defendants' motion to dismiss clearly states that these Plaintiffs were appointed instead of elected. (Doc. 82, PageID: 1104). Plaintiffs' third amended complaint is contradictory in that Plaintiffs allege both that "municipal elections for mayor and town council are supposed to be held on the fourth Thursday of August every four years" and that "the Code does not specify that elections must be held for Town Councilmembers." (Doc. 75, ¶¶ 22, 51).

To the contrary, Alabama Code § 11-46-72 clearly sets out the procedure for the election of Town council members when, as in this case, no one properly qualified. Therefore, Plaintiffs Ballard, Patrick, Quarles, and Scott cannot assert a valid claim to office because a council member can be appointed by other council members only if there is a vacancy on the council pursuant to Alabama law. In this case, there were no validly elected council members to fill vacancies. *See* Alabama Code § 11-43-41. Accordingly, Plaintiffs Ballard, Patrick, Quarles, and Scott have no right to the office they seek under Alabama law, and their claims are due to be dismissed.

### III.    Plaintiffs' intentional discrimination claims should be dismissed because Plaintiffs cannot show that Defendants intended to discriminate against them because of their race.

Plaintiffs have failed to show that Defendants intended to discriminate against Plaintiffs because of their race. Plaintiffs attempt to show that Defendants intended

3

to discriminate because of their race by stating that Defendants created and maintained a "hand-me-down-governance system" and held a "secret special election" without providing notice to Plaintiffs or "the public." (Doc. 75, ¶¶ 107, 121-22). Yet Plaintiffs' own "factual background" states that Defendants failed to give notice of the election to "Plaintiffs or other members of the Town's majority-Black electorate" about the special election." (*Id.*, ¶ 55). Plaintiffs have failed to allege any allegations showing that Defendants' alleged actions were because of or on account of their race. Plaintiffs instead argue only that because there are more Black residents in the Town of Newbern, Defendants discriminated against Plaintiffs because of their race. However, the fact that there are more residents of one race does not satisfy the Plaintiffs' burden of showing that Defendants acted because of Plaintiffs' race. Thus, Plaintiffs cannot show that Defendants intentionally discriminated against Plaintiffs because of their race, and their claims are due to be dismissed.

**IV. Plaintiffs' Section 2 Voting Rights Claim is due to be dismissed because Plaintiffs cannot show that the denial of the right to participate in Town elections was on account of their race.**

Plaintiffs' Section 2 Voting Rights Act claim is due to be dismissed because Plaintiffs cannot show discriminatory results as required by the Voting Rights Act. The plain language of Section 2 states the following:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political

subdivision in a manner which *results* in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color . . . .

*Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 72 F.3d 1556, 1563 (11th Cir. 1996) (emphasis added). "[I]n order to prevail on a § 2 claim, a plaintiff must prove discriminatory results." *Id.* at 1564. Section 2(b) of the Act explains what must be shown to establish a Section 2 Voting Rights Act violation. Section 2(b) states that § 2 is violated only where "the political processes leading to nomination or election" are not "equally open to participation" by members of the relevant protected group "*in that its members have less opportunity* than other members of the electorate to participate in the political process and to elect representatives of their choice." *Brnovich v. Democratic National Committee*, 594 U.S. ___, 141 S.Ct. 2321, 210 L.Ed.2d 753 (2021) (emphasis in original).

According to Plaintiffs' allegations, Defendants failed to provide notice of the election to <u>any</u> residents, which would result in the prevention of <u>all</u> residents to participate in the election as either a candidate or voter, not just Black residents of the Town of Newbern. (Doc. 75, ¶¶ 177-78). More importantly, Plaintiffs have not alleged facts showing that Defendants' actions either "resulted in" the denial or abridgement of the right to vote or that any such denial or abridgement of the right to vote was "on account of race or color" under Section 2(a). Plaintiffs attempt to show that the Town's Black citizens in the Town of Newbern have less opportunity

5

than white citizens to participate because they make up the majority of the Town electorate with 85% of the population. (Doc. 75, ¶¶ 21, 175). However, the fact that there are more Black people in the Town of Newbern's population than other races does not negate the requirement that Plaintiffs must show that they had less opportunity to participate than other members of the electorate. Interestingly, when Braxton appointed his Council members, an election without notice in "hand-me-down governance" fashion, he and his Council members' actions were identical to the alleged actions of Defendants. Braxton and his Town Council members would be liable for all claims of which they complain, i.e. a violation of Section 2 of the Voting Rights Act, due process violations, and election law violations.

Plaintiffs argue that voting practices affecting people of all races can still violate Section 2 if they affect a majority of Black voters. (Doc. 82, PageID: 1113). Yet Plaintiffs have failed to show how Defendants' alleged actions constitute a disproportionate burden on Black voters. Plaintiffs' fail to show that Defendants' alleged actions produced discriminatory results or resulted in a disproportionate burden on Black voters in Newbern. "It is circumstantial evidence of discriminatory results that should be considered in assessing the 'totality of the circumstances.'" *Johnson*, 72 F.3d at 1565.

Additionally, if Plaintiffs' allegations are true, Plaintiff Braxton violated Section 2 of the Voting Rights Act when he attempted to appoint Plaintiffs Ballard,

6

Patrick, Quarles, and Scott to the Town Council. By attempting to appoint Town Councilmembers, Plaintiff Braxton infringed upon the right to vote of all residents of the Town of Newbern when he failed to give notice to Town residents and took away their right to participate as either or both a candidate or voter in a municipal election for Town Councilmembers.

If the Town failed to hold elections, then no Town citizens—save for the five individual Defendants serving on the Town council—were permitted to participate in the political processes of the Town of Newbern. Likewise, no Town citizens were permitted to participate in the political processes when Plaintiff Braxton hand-picked people to serve on the Town Council. Plaintiffs have failed to show that Black citizens had less opportunity to participate or that a disproportionate burden was placed on Black citizens when they allege that only a secret election was held with no notice given to anyone else. (Doc. 75, ¶ 60). Accordingly, Plaintiffs cannot show that the Defendants' alleged conduct resulted in the denial of their right to vote on account of their race, and Plaintiffs' Voting Rights Act claim is due to be dismissed.

## V.    Plaintiffs cannot show a violation of their due process rights.

Plaintiffs allege that the individual Defendants "organized an illegal special election" to "reappoint themselves to the Town Council" after Plaintiff Braxton "lawfully" attempted to appoint people to the Town of Newbern Town Council in violation of their due process rights. (Doc. 75, ¶ 164). However, the individual

Defendants remained in office pursuant to Alabama law, as Alabama law does not provide for the appointment of Town Council members. Instead, Alabama Code § 11-46-72 states that "the incumbent officers shall remain in office until their successors shall be <u>elected</u> and qualified" and an election can occur. Defendants followed Alabama law by remaining in office and holding an election on October 6, 2020.

Plaintiffs claim that Defendants' alleged failure to give notice to any voters in the special election "is akin to Defendants failing to hold an election at all." (Doc. 82, PageID: 1120). Plaintiffs cite to cases such as *Gonzalez v. Governor of Georgia* in support of their contention that a due process rights violation results when someone is appointed to an office instead of an election being held. 978 F. 3d 1266 (11th Cir. 2020). However, in *Gonzalez*, the Eleventh Circuit upheld the district court's decision that a state statute allowing a district attorney appointed by the governor to serve beyond the remainder of the unexpired four-year term of the prior district attorney without an election conflicted with the state constitution and federal Due Process Clause. *Gonzalez*, 978 F. 3d at 1271. Here, the Town council members remained in office until they held an election on October 6, 2020, pursuant to Alabama law. Accordingly, Plaintiffs' due process claim fails and is due to be dismissed.

8

**VI.    Plaintiffs' § 1985 conspiracy claims are due to be dismissed, as Plaintiffs cannot show that Defendants had a discriminatory motive or made an unlawful agreement.**

Defendants did not have any discriminatory motive when they followed Alabama law by holding a "secret meeting" to select the Town Council members when no one properly qualified for the position. Plaintiffs further cannot show that Defendants' had a racially discriminatory motive when, as Plaintiffs' allege, notice was not provided to any Town resident. (Doc. 75, ¶ 140).

Additionally, Plaintiffs cannot show that the Defendants made an unlawful agreement to violate Plaintiffs' rights when they followed Alabama Code § 11-46-72 and met to select the Town Council members after no one properly qualified. Alabama Code § 11-46-72 states that "the incumbent officers shall remain in office until their successors shall be elected and qualified" and an election can occur. Without any support, Plaintiffs allege that Defendants held a "secret meeting" and have taken actions to keep a Black mayor and Black Town Council from taking office. Instead, Defendants acted pursuant to Alabama law by remaining in office and holding a meeting to select the Town Council members when no one properly qualified or was elected to the Town council positions. Plaintiffs cannot show an unlawful agreement among Defendants if they are following Alabama law. Accordingly, Plaintiffs fail to allege that Defendants acted with any discriminatory motive or made an unlawful agreement, and Plaintiffs' § 1985 conspiracy claims are

9

due to be dismissed.

**VII. Because Plaintiffs have not alleged individual capacity claims, all of the individual Defendants should be dismissed with prejudice due to the official capacity claims being redundant.**

Any official capacity claims that Plaintiffs seek to assert against the individual Defendants are due to be dismissed, as they are redundant to Plaintiffs' federal claims brought against the Town of Newbern. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A § 1983 claim against a person in his official capacity seeks to impose liability on the entity which he represents, and not on him personally. *See, e.g., Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995). The Eleventh Circuit has explained the distinctions between these two capacities:

> Personal capacity suits seek to impose personal liability upon a government official for actions he takes under the color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' In other words, a plaintiff in an action against a government official in her personal capacity can recover only against the official's personal assets. The assets of the governmental entity are not accessible. The reverse is true in an official capacity lawsuit. Furthermore, 'to establish personal liability in a §1983 action, it is enough to show that the official acting, under color of state law, caused the deprivation of a federal right…[I]n an official capacity suit, the entity's policy or custom must have played a part in the violation of federal law.'

10

*Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992).

Plaintiffs' third amended complaint does not assert a claim for damages relief against Defendants as individuals. Accordingly, the Defendants move to dismiss all official capacity claims against them as redundant to the claims against the Town.

## CONCLUSION

As set forth above and in Defendants' motion to dismiss, Plaintiffs have failed to allege viable claims against the Defendants under the Voting Rights Act, First or Fourteenth Amendments, 42 U.S.C § 1983, or 42 U.S.C. § 1985(3). Accordingly, the Defendants respectfully request that this Court dismiss Plaintiffs' third amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 2nd day of April, 2024.

/s/Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
M. Ashley Tidwell (ASB-3974-O48M)
Morgan B. Beckman (ASB-3529-T81J)
Attorneys for Haywood Stokes III,
Gary Broussard, Jesse Donald Leverett,
Voncille Brown Thomas, Willie
Richard Tucker, and the Town of Newbern

OF COUNSEL:

Holtsford Gilliland Hitson Howard
        Stevens Tuley & Savarese, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver, Davies & Rouco, LLP
2 North 20th Street, Suite 930
Birmingham, AL 35203

Morenike Fajana
Leah Wong
40 Rector Street, 5th Floor
New York, NY 10006

by placing same in the United States Mail, postage prepaid, or through the court's electronic filing service, on this the 2nd day of April, 2024.

/s/Rick A. Howard
OF COUNSEL

12