IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK BRAXTON, JAMES   *
BALLARD, BARBARA PATRICK,   *
JANICE QUARLES, WANDA SCOTT,   *
and DOROTHY HOLLEY,   *
  *
Plaintiffs,   *
  *
v.   *    2:23-cv-00127-KD-N
  *
HAYWOOD STOKES III, GARY   *
BROUSSARD, JESSE DONALD   *
LEVERETT, VONCILLE BROWN   *
THOMAS, WILLIE RICHARD TUCKER,   *
and the TOWN OF NEWBERN,   *
  *
Defendants.   *

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

COME NOW Defendants Haywood Stokes III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, Willie Richard Tucker, and the Town of Newbern (hereinafter "Defendants"), and file this response in opposition to Plaintiffs' Motion for Preliminary Injunction:

**I.   Plaintiffs are not entitled to a new election in 2024 because they have not requested a new election in their motion for preliminary injunction.**

A new election should not be ordered in this case because Plaintiffs fail to request an election in 2024 in their motion for preliminary injunction. (Doc. 81). Instead,

Plaintiffs do not mention a request for a "new election" in Newbern in 2024 for Mayor and Town Council on page 21 in their memorandum in support of their motion for preliminary injunction. (Doc. 81-1, PageID: 956). In their motion, Plaintiffs instead request a preliminary injunction to enjoin all Defendants "from enforcing their hand-me-down governance policy whereby they repeatedly fail to hold municipal elections in the Town of Newbern; fail to provide notice of municipal elections in the Town of Newbern; and appoint white residents to maintain the positions of mayor and councilmembers for the Town of Newbern. (Doc. 81). These issues do not require a special election in the event Plaintiffs succeed with their motion. Plaintiffs failed to request relief in the form of a "new election" in their motion for preliminary injunction, and therefore, their inference of a new election in 2024 is due to be denied.

## II. Plaintiffs cannot show that they are entitled to a preliminary injunction and Plaintiffs' motion for a preliminary injunction should be denied and dismissed before a hearing.

Even if Plaintiffs did request a new election in their motion for a preliminary injunction, they cannot meet the four elements required for a preliminary injunction to issue. To prevail on a motion for a preliminary injunction, a plaintiff must show:

> (1) a substantial likelihood that the movant will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction would not be adverse to the public interest.

2

*Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984). The irreparable injury must be "neither remote nor speculative, but <u>actual and imminent</u>." *Northeast Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (emphasis added). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion.'" *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "(O)ur federal system contemplates that states will be primarily responsible for regulating their own elections." *Curry v. Baker*, 802 F.2d 1302, 1315 (11th Cir. 1986).

### A. Plaintiffs cannot show that they will suffer imminent, irreparable harm if a preliminary injunction is not issued.

First, and perhaps most importantly, the Plaintiffs have failed to demonstrate that they will suffer *imminent*, irreparable harm if the Court does not grant the preliminary injunction before a trial on the merits. Plaintiffs cannot show that they will suffer imminent harm, as they have waited to file a motion for preliminary injunction more than a year and four months after Braxton's first complaint was filed on November 21, 2022, in Dallas County, Alabama. Even after Plaintiffs' filed their first amended complaint on March 17, 2023, they did not seek a preliminary injunction for over a year. Instead, Plaintiffs proceeded to file a second amended complaint and a then third amended complaint without ever mentioning a preliminary injunction and did not seek a preliminary injunction until March 22,

3

2024. Accordingly, Plaintiffs cannot show any imminent, irreparable harm as a atter of law.

Eleventh Circuit case law is clear that a months-long delay prevents a finding of imminent harm. "Indeed, the very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248-49 (11th Cir. 2016) (holding that a five-month delay in seeking a preliminary injunction prevented finding of imminent harm). "The preliminary injunction standard's focus on imminent harm also places an onus on a plaintiff to demonstrate some sense of 'urgency or necessity,' and by sitting on his or her rights for even a few months, a plaintiff has squandered any corresponding entitlement to injunctive relief." *Alabama v. U.S. Dep't of Commerce*, 546 F.Supp. 3d 1057, 1073 (quoting *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-CIV, 2017 WL 4919222, at *3 (S.D. Fla. Oct. 31, 2017)); *see also Pals Grp., Inc. v. Quiskeya Trading Corp.*, No. 16-23905-CIV, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017) ("[C]ourts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months.") (internal quotation and citation omitted). Accordingly, Plaintiffs have failed to show an imminent injury that would warrant the imposition of such an extraordinary and drastic remedy. Plaintiffs' excessive delay prevents the

4

issuance of a preliminary injunction and shows that Plaintiff's motion for a preliminary injunction should be denied as a matter of law.

### B. Plaintiffs cannot show a substantial likelihood of success on the merits.

Second, Plaintiffs cannot show a *substantial* likelihood of success on the merits because their Third Amended Complaint is due to be dismissed for several reasons set out in Defendants' motion to dismiss that is due to be granted, as Plaintiffs have failed to state a claim upon which relief can be granted. First, Plaintiffs do not have a legitimate claim to the offices they claim to hold. Plaintiff Braxton was removed by operation of law. Additionally, Plaintiff Braxton's appointment of Plaintiffs Ballard, Patrick, Quarles, and Scott to the Town Council violates Alabama law as well as the Constitutional rights of all citizens of the Town of Newbern if Plaintiffs' theory is correct regarding lack of notice, secrete elections, and hand-me-down governance.

Plaintiffs also failed to show that the Defendants intentionally discriminated against the Plaintiffs on the basis of race or that Defendants conspired to deny Plaintiffs' federal rights because of Plaintiffs' race. Moreover, Plaintiffs failed to show that Defendants' alleged actions resulted in the denial or abridgement of the Plaintiffs' right to vote because of their race. In their third amended complaint, Plaintiffs failed to state a claim upon which relief could be granted and it should be

noted that Defendants' government is more diverse than Plaintiffs' government. See the affidavits attached to Plaintiffs' motion for preliminary injunction. Therefore, they cannot show a substantial likelihood of success on the merits.

### C. Plaintiffs cannot show that the threatened injury outweighs whatever damage the proposed injunction may cause.

Third, Plaintiffs cannot show that the threatened injury outweighs whatever damage the proposed injunction may cause. As set out above, Plaintiffs waited almost a year after filing their first amended complaint to request a preliminary injunction and thus, cannot show that they will suffer immediate harm. Plaintiffs have also failed to seek any additional relief. As set out in Defendants' motion to dismiss, Plaintiffs could have filed an election contest under Alabama law. Plaintiffs allege that they did not receive notice of the election. *See* Doc. 75, ¶¶ 58-59. If Plaintiffs thought Defendants held a "secret election," Plaintiffs' sole recourse was to file an election contest arguing that they did not receive notice of the election. *See* Ala. Code § 11-46-69 et seq. An election contest would have provided Plaintiffs with an adequate process through which Plaintiffs could have challenged the "secret election" in this case. Accordingly, Plaintiffs had other relief available such as an adequate state remedy.

Additionally, Defendants assert that the Town's last Mayoral election and City Council elections were valid. While Plaintiffs allege that notice of this election was not given, Defendants dispute this allegation and assert that this is a question of fact

6

to be determined through discovery in this case. Accordingly, the issuance of a preliminary injunction ordering a new election would invalidate a prior election held and conducted pursuant to Alabama law. Plaintiffs cannot show any "threatened injury" that would cause Plaintiffs to suffer imminent harm, and their request for a preliminary injunction is due to be denied.

**D. Plaintiffs cannot show that a preliminary injunction would not be adverse to the public interest.**

Fourth, Plaintiffs cannot show that the relief sought would not be adverse to the public interest. As set out above, the last Mayoral election and City Council elections held in the Town of Newbern were valid elections under Alabama law. A preliminary injunction ordering a new election would invalidate an election conducted pursuant to Alabama law. Invaliding a proper election would clearly be adverse to the public interest. Thus, Plaintiffs cannot show that the granting of their motion would not be adverse to the public interest.

Moreover, the Town of Newbern will prepare to hold elections in 2025. The Town is currently in the process of obtaining voting machines and printing to be ready for an election in 2025. The Town does not currently have any voting machines or ballots, as noted by Plaintiff Braxton in his affidavit attached to Plaintiff's motion for preliminary injunction. *See* Doc. 81-6, ¶ 19. Additionally, the Town will be conducting a survey of the Town, which was approved by Plaintiffs, to determine the exact boundaries of the Town. Such a survey will allow the Town to determine

7

who actually resides within the Town limits and is thus eligible to vote in Town elections. A date for the survey has not yet been set, but Defendants anticipate it being conducted later this year. It would not be feasible for the Town to hold elections this year in a non-election year. Accordingly, Plaintiffs' motion for preliminary injunction is due to be denied.

### III.  Plaintiffs' unclean hands should bar the issuance of a preliminary injunction.

The equitable doctrine of unclean hands is a bar to a preliminary injunction being issued. "To assert an unclean hands defense, a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). "Application of the equitable doctrine of unclean hands lies within the sound discretion of the district court." *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1355 (11th Cir. 1983).

Here, Plaintiffs' unclean hands prohibits a preliminary injunction from being issued in this case. According to Plaintiffs, Braxton appointed Plaintiffs Ballard, Patrick, Quarles, and Scott to the Town of Newbern Town Council. (Doc. 75, ¶ 2). Specifically, Plaintiff Braxton stated that he "recruited" people to serve on the Town Council just like "Woody and the people he recruited." (Doc. 81-6, ¶ 32).

While Plaintiffs accuse Defendants of a "hand me down system of government," Plaintiffs themselves are guilty of such a system through Plaintiff Braxton's

8

appointment of Plaintiffs Ballard, Patrick, Quarles, and Scott to the Town Council in violation of Alabama law. At no time did Plaintiff Braxton attempt to help Plaintiffs Ballard, Patrick, Quarles, and Scott qualify, pay a filing fee, or otherwise be elected to the positions they claim or provide citizens notice of his secret election of Council members. Instead, Plaintiff Braxton claims to have appointed Ballard, Patrick, Quarles, and Scott "consistent with Defendants' past practice of hand-me-down-governance." (Doc. 75, ¶ 50). By Plaintiffs' own admission, they have admitted to Plaintiff Braxton taking away the rights of Newbern residents, including the individual defendants in this case, to vote for Town Council members by appointing people to the Town of Newbern Town Council. Plaintiffs' motion for preliminary injunction is due to be denied because of Plaintiffs' unclean hands.

## CONCLUSION

As set forth above, Plaintiffs cannot show that a preliminary injunction is due to be entered in this matter. Accordingly, Defendants request that this Court deny Plaintiffs' motion for preliminary injunction.

Respectfully submitted this the 15th day of April, 2024.

/s/Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
M. Ashley Tidwell (ASB-3974-O48M)
Morgan B. Beckman (ASB-3529-T81J)
Attorneys for Haywood Stokes III,
Gary Broussard, Jesse Donald Leverett,
Voncille Brown Thomas, Willie
Richard Tucker, and the Town of Newbern

9

OF COUNSEL:

Holtsford Gilliland Hitson Howard
        Stevens Tuley & Savarese, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver, Davies & Rouco, LLP
2 North 20th Street, Suite 930
Birmingham, AL 35203

Morenike Fajana
Leah Wong
40 Rector Street, 5th Floor
New York, NY 10006

by placing same in the United States Mail, postage prepaid, or through the court's electronic filing service, on this the 15th day of April, 2024.

/s/Rick A. Howard
OF COUNSEL

10