**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

Patrick Braxton, *et al.*,

           *Plaintiffs*,

    v.

Haywood Stokes, III, *et al*.,

           *Defendants*.

Civil Action No. 2:23-CV-00127-KD-N

## PLAINTIFFS' REPLY IN SUPPORT OF
## THEIR MOTION FOR A PRELIMINARY INJUNCTION

**INTRODUCTION**

Plaintiffs' motion for a preliminary injunction should be granted. Defendants fail to offer any factual evidence or meritorious legal arguments to refute Plaintiffs' claims that Defendants' hand-me-down governance policy violates Plaintiffs' rights under Section 2 of the Voting Rights Act and the Due Process Clause of the Constitution. Because Plaintiffs will suffer irreparable injury while Defendants will face no harm, the Court should order Plaintiffs' requested relief.

**ARGUMENT**

**I.      PLAINTIFFS ARE ENTITLED TO A PRELIMINARY INJUNCTION.**

**A. Defendants fail to raise a genuine dispute regarding any of Plaintiffs' factual allegations.**

Defendants do not submit *any* proof to counter the evidence included in Plaintiffs' six declarations. *See generally* Defs.' Br. As such, Plaintiffs' allegations should be taken as true, uncontroverted evidence of their likelihood of success on the merits. *See Elrod v. Burns,* 427 U.S. 347, 350 n. 1 (1976) ("For purposes of our review, all of the well-pleaded allegations of respondents' complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true."); *Ron Grp., LLC v. Azar,* No. 2:20-CV-1038-ECM, 2021 WL 5576616, at *1 (M.D. Ala. Nov. 29, 2021); *Alabama v. U.S. Dep't of Com.*, 546 F. Supp. 3d 1057, 1063 (M.D. Ala. 2021); *Sec. & Exch. Comm'n v. Cap. Growth Co., S.A. (Costa Rica)*, 391 F. Supp. 593, 598 (S.D.N.Y. 1974) ("These allegations, uncontested by the Capital Growth group defendants and therefore taken as [true], clearly indicate success on the merits").

As the Eleventh Circuit has held, a party opposing a preliminary injunction must raise a genuine dispute that undermines the validity of the moving party's allegations. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312–13 (11th Cir. 1998). A genuine, material dispute requires a showing that the opposing party "has and intends to introduce evidence that if believed

will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997).

Defendants utterly fail to meet this standard. Defendants' attempt to raise a genuine dispute simply by including counsel's representations that Defendants "dispute" Plaintiffs' allegations, without more, Defs.' Br. 6, is patently insufficient. *See, e.g., Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049,* 910 F.3d 1130, 1169–70 (11th Cir. 2018) (affirming preliminary injunction where "Defendants proffered no evidence in opposition to Transcontinental's motions, or in support of their request to present witness testimony at the hearing, to indicate that there were any genuine issues of material fact with respect to any prong of the preliminary-injunction analysis"); *Singleton v. Merrill*, No. 2:21-CV-1291-AMM, 2022 WL 272636, at *9 (N.D. Ala. Jan. 27, 2022) (holding that, by "assert[ing] broadly that the totality of the circumstances prohibit relief under Section 2," but failing to "dispute (or even mention) any of [the court's] extensive findings of fact about the totality of the circumstances," Defendants failed to raise a genuine factual dispute regarding this aspect of Plaintiffs' motion for a preliminary injunction). In particular – nowhere do Defendants proffer evidence to refute the contention that they did not provide notice for the so-called special election held in November 2020. The failure to provide such notice undoubtedly violates Section 2 of the Voting Rights Act and the Constitution. *See United States v. Berks Cnty.*, 250 F. Supp. 2d 525, 540 (E.D. Pa. 2003); *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1319, 1324 (11th Cir. 2019).

As such, the Court need not hold an evidentiary hearing and should decide Plaintiffs' motion for a preliminary injunction following the conclusion of briefing. *See, e.g., Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (finding that

an evidentiary hearing is required for entry of a preliminary injunction only "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue."); *McDonald's Corp*, 147 F.3d at 1313 (". . . where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing) (internal citations and quotations omitted); *Transcon. Gas Pipe Line Co. LLC,*910 F.3d at 1169–70; *GOS Operator, LLC v. Sebelius*, 843 F. Supp. 2d 1218, 1219 n. 1 (S.D. Ala. 2012).

## B.  All Preliminary Injunction Factors Weigh in Plaintiffs' Favor.

As Plaintiffs explain in their opening brief, "missing the opportunity to vote in an election is an irreparable harm for the purposes of a preliminary injunction." *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1272 (11th Cir. 2020) (citation omitted); *see also Lee*, 915 F.3d at 1339–40; Pls.' Br. 22. None of the cases cited in Defendants' response brief warrant another result, as none of these cases concern the right to vote or participate in elections. *See* Defs.' Br. 4. Indeed, in recognition of the fact that restrictions on the right to vote unquestionably constitute irreparable harm, courts have granted preliminary injunctive relief where plaintiffs take months, or even years, to challenge unconstitutional restrictions on the right to vote. *See e.g., Curling v. Raffensperger,* 493 F. Supp. 3d 1264, 1268 (N.D. Ga. 2020). This is because "once the election occurs, there can be no do-over and no redress. The injury to these voters is real and completely irreparable if nothing is done to enjoin the [infringement on the right to vote]." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014).

Plaintiffs' delay in pursuing a preliminary injunction does not diminish the scale of Plaintiffs' injuries. At the outset, "delay is but one factor in the irreparable harm analysis." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2009); *Cuviello v. City of Vallejo*, 944 F.3d

3

816, 833 (9th Cir. 2019); *Ideal Indus., Inc. v. Gardner Bender, Inc.*, 612 F.2d 1018, 1025 (7th Cir. 1979)*; see also SunAmerica Corp. v. Sun Life Assur. Co. of Can.,* 77 F.3d 1325, 1345 (11th Cir. 1996) (Birch., J., concurring) (finding that in determining whether a delay is "excusable," a court must not "limit itself solely to a raw calculation of the time period involved . . . [and that] the court should also examine the *reasons* for any delay.") (emphasis in original). And indeed, Plaintiffs here had legitimate reasons for the delay.

First, Plaintiffs timed the filing of their motion for a preliminary injunction such that it could be fully briefed and decided in advance of the November 2024 presidential election. As Plaintiffs explained in their opening brief, Pls.' Br. 23, this timing would minimize the administrative burden on the Town of Newbern, which, as all parties acknowledge, does not currently have ballots or electoral machines. *See* Defs.' Br. 7; Braxton Decl. ¶ 19; ECF No. 81-6. Timing a new municipal election in this way allows Defendants to make use of the existing infrastructure and electoral administration processes being set up for the November 2024 presidential election.

Second, ensuring that a new election can be held in November 2024 is also significant because, under the Alabama Code, Defendants' current terms are due to expire this November. *See* Ala. Code § 11-43-2(b) . Without a court-mandated election, Plaintiffs fear that Defendants will simply re-appoint themselves to the same municipal positions, in line with their past practice. Pls.' Br. 2-3. With no evidence from Defendants that they have made any progress in organizing municipal elections this year, the injuries Plaintiffs face because of this impending disenfranchisement are both imminent and irreparable. *Elrod v. Burns,* 427 U.S. at 373.

Third, Plaintiffs' injuries flow from Defendants' decades-long policy of failing to regularly hold elections and maintaining minority rule by a handful of white residents. *See* Pls.'

4

Br. 9, 19-21, 24. Unlike a discrete, excisable injury, Plaintiffs' injuries are continuing in nature. In this way, each instance in which Plaintiffs' right to vote was undermined "contributed to the constitutional injury [they] suffered." *Cuviello*, 944 F.3d at 833. Any delay by Plaintiffs should be weighed against Plaintiffs' irreparable injury in the loss of their First and Fourteenth Amendment freedoms.

Finally, Defendants' arguments that Plaintiffs will not suffer irreparable harm because either they could have filed an election contest, or Defendants' special election happened under color of state law, Defs.' Br. 5-7, are without merit. First, as Plaintiffs have consistently maintained, they had absolutely no awareness of Defendants' secret special election. Pls.' Br. 3, 5-6. They only learned that Defendants were holding themselves out as mayor and town councilmembers after they were apparently sworn in. *Id*. at 5-6. As such, Plaintiffs had no meaningful opportunity to file such an election contest. And even assuming arguendo that this election occurred under state law, which Plaintiffs maintain that it did not, this fact has no bearing on Plaintiffs' claims that Defendants' hand-me-down-governance system to maintain the majority white governance violates federal law. Plaintiffs need not exhaust state remedies when their federal rights have been flagrantly violated. *Lane v. Wilson*, 307 U.S. 268, 274–75 (1939); *cf. Siegel v. LePore*, 234 F.3d 1163, 1174 (11th Cir. 2000) (en banc).

On the merits, Defendants repeat many of the same arguments offered in their motion to dismiss briefing, none of which are persuasive. *See* Pls.' MTD Opp. 5-6, 8-12; *but see id*. 17-20; *see* Pls.' MTD Sur Reply 1-2. Defendants' failure to regularly hold elections, attempts to prevent the Plaintiffs from maintaining their town positions, administration of a secret special election without providing proper notice to the electorate, and hand-me-down governance policy, individually and cumulatively, impose a discriminatory burden on Black voters that results in the

denial of their right to vote in contravention of state law, the Constitution, and basic fairness. Pls.' Br. 8-12, 14-17. Defendants' prevention of Black voters from exercising their constitutional right to vote or to serve in town office is linked to the discriminatory social and historical conditions that have affected Black voters both in Alabama and Newbern. *Id.* at 17-19. Defendants' regurgitated arguments are particularly unpersuasive in response to Plaintiffs' request for a preliminary injunction, given their failure to rebut or contest any of Plaintiffs' factual allegations which provide further support for their entitlement to relief.

Puzzlingly, Defendants also reference claims that are not included in Plaintiffs' request for a preliminary injunction, like Plaintiffs' intentional discrimination claim and conspiracy claim, Defs.' Br. 5-6. These arguments should be disregarded completely.

Representations from Defendants' counsel that "it would not be feasible for the Town to hold elections this year in a non-election year," or that a town survey will be conducted "later this year," Defs.' Br. 7-8, are insufficient to genuinely dispute Plaintiffs' contentions that ordering a new election will not disrupt town governance, Pls.' Br. 23, *see supra* Section I.A. Defendants offer no meaningful explanation why the 200-300 ballots, *maximum*, that would be necessary to administer a municipal election in Newbern could not be ordered between now and the seven months that remain before the November 2024 general election, or why a town survey (of a town measuring approximately one square mile in total) cannot be completed in this same timeframe. Defendants' failure to offer any evidence here, coupled with the decades-long infringement of Plaintiffs' right to vote, means that these factors clearly weigh in Plaintiffs' favor.

**C. Defendants' remaining counterarguments are all unavailing.**

The Court should firmly reject Defendants' argument that Plaintiffs are not entitled to a preliminary injunction because Plaintiffs' motion for a preliminary injunction does not include the phrase "new election," Defs.' Br. 1-2. First, this argument is not supported by any case law whatsoever. Second, Plaintiffs' motion specifically requests the Court to enjoin Defendants from *failing to hold elections* as required by law, which necessitates the holding of new elections. *See* Pls.' Mot. 1-2. Third, for the avoidance of any doubt, Plaintiffs' memorandum of law in support of their motion for a preliminary injunction specifically requests the Court to order Defendants to hold a "new election" or a "special election" in 2024 at least *ten* times throughout the brief. *See* Pls.' Br. 1, 21, 23-24. Plaintiffs' request for relief is thus unmistakably clear.

Finally, Defendants' unclean hands argument is also without merit. First, this argument is essentially the same as Defendants' illegal appointment theory, which Plaintiffs have already addressed in their opposition to Defendants' motion to dismiss. *See* Pls.' MTD Opp. 6. Second, Defendants fail to demonstrate that the doctrine of unclean hands even applies here because Plaintiffs have not engaged in any "wrongdoing" by appointing Newbern residents to serve as town councilmembers. As described in Plaintiffs' opening brief, Plaintiff Braxton recruited across the town of Newbern for town councilmembers, appointed those councilmembers in accordance with state law and town custom, and had no awareness of Defendants' parallel appointment process. Pls.' Br. 5-6. Defendants had every opportunity to serve alongside Plaintiff Braxton on his town council but instead chose to circumvent his open appointment process and hold a secret special election. *Id.* at 6-7.

Plaintiffs' actions here plainly do "not constitute the kind of conduct that is typically deemed to represent unclean hands. . . . [because Defendants have] not shown that the plaintiff's

7

behavior 'constitute[d] an unconscientious or inequitable attitude towards its adversary.'" *Transcon. Gas Pipe Line Co., LLC*, 910 F.3d at 1168; *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1355 (11th Cir. 1983) (finding that courts have been reluctant to apply the doctrine of unclean hands where the alleged conduct was "negligent"). Nor have Defendants provided any record evidence that they have been personally injured by Plaintiffs' conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir. 1993).

On the contrary, Plaintiffs' suit seeks to enforce the constitutional rights of all Newbern residents by mandating the administration of free and fair elections in which every resident has an opportunity to qualify as a candidate, and more fundamentally, a right to vote for their candidate of choice for mayor or town council. Plaintiffs Ballard, Scott, Patrick, and Quarles are not seeking for the Court to appoint or reinstate them as the rightful town council, but instead, all Plaintiffs are requesting the Court to order the first municipal elections in accordance with Alabama Code. As such, the Court should reject Defendants' unclean hands argument.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to issue a preliminary injunction against Defendants.

8

Dated: April 19, 2024

Respectfully submitted,

*/s/ Morenike Fajana*
Morenike Fajana\*
Leah Wong\*
NAACP Legal Defense
& Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
(212) 217-1677
lzwong@naacpldf.org
mfajana@naacpldf.org

*/s/ Richard P. Rouco*
Richard P. Rouco
George N. Davies
Quinn, Connor, Weaver,
Davies & Rouco, LLP
2 – 20th Street North
Suite 930
Birmingham, AL 35203
Tel. 205-870-9989
Fax. 205-803-4143
rrouco@qcwdr.com
gdavies@qcwdr.com

\*Admitted pro hac vice
*Attorneys for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2024, I presented the foregoing Reply to Plaintiffs' Motion for a Preliminary Injunction for filing and uploading to the CM/ECF system which will send notification of such filing to all parties.

Respectfully Submitted,

*/s/ Morenike Fajana*
Morenike Fajana