UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

Patrick Braxton, *et al.*,

    *Plaintiffs*,

vs.

Town of Newbern,

    *Defendant*.

Case No. 2:23-CV-00127-KD-N

## MEMORANDUM OF UNDERSTANDING AND RELEASE

    Plaintiffs Patrick Braxton, James Ballard, Barbara Patrick, Janice Quarles, Wanda Scott, and Dorothy Holley (collectively, "Plaintiffs" or "RELEASORS") filed this action against the Town of Newbern ("Defendant"). In the Third Amended Complaint (ECF No. 75) ("TAC") Plaintiffs allege that, although Alabama law specifies that all towns must hold elections every four years for the offices of mayor and town alderman, Ala. Code. § 11-43-2(a), (d); § 11-46-21(a), the Town of Newbern failed to hold elections for these positions until 2020. The TAC asserts claims under Section 2 of the Voting Rights Act ("VRA"), the First, Fourteenth and Fifteenth Amendments to the United States Constitution, and 42 U.S.C. § 1985(3). Defendants filed an Answer denying some of these allegations.

    Plaintiffs and Defendant ("Parties"), through counsel, have discussed the allegations in the TAC and agree that this action should be settled without protracted, costly, and divisive litigation. The Parties desire to settle fully and finally this disagreement and dispute, and to resolve any and all other disputes or other matters arising out of, or connected with RELEASORS, and the Defendant, Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker's, (collectively, "RELEASED PARTIES") positions within the municipal Town of Newbern, including any and all claims or assertions that RELEASORS claim to have, or could claim to have, known or unknown, against any of THE RELEASED PARTIES for any reason, including but not limited to, the claims set forth in the complaints filed by the RELEASORS, or any claim, known or unknown to date, that could have been filed. The Parties share the goal that all future mayoral and town council elections shall comply with VRA Section 2 and the U.S. Constitution.

    NOW, THEREFORE, in consideration of the premises and promises contained herein, the RELEASORS and RELEASED PARTIES agree as follows:

### I.   STIPULATED FACTS AND TERMS.

1. Newbern is a Class 8 municipality located in Hale County, Alabama. The voting age population in Newbern is 64.3% Black and 34.8% white.

2. Alabama state law requires that the mayor and members of the town council for Newbern be elected at-large at a general election held as provided by law quadrennially. Ala. Code § 11-43-2(b) (2020). Defendant Town of Newbern is responsible for election administration.

3. From 1965 to 2019, the Town of Newbern did not hold or make any preparations to hold an election for mayor or councilmember, nor did anyone qualify for the positions of mayor or town councilmember. Until 2020, the Town of Newbern had never had a Black mayor, and the majority of prior town councilmembers were white.

4. In 2020, Plaintiff Braxton was the only person who lawfully qualified for any position in town government. Effective July 22, 2020, Plaintiff Braxton became the mayor-elect. All five town council positions were vacant as a result of the 2020 regular municipal election.

5. Defendant maintains that, in 2020, Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker held themselves out to be the de facto mayor and town council and scheduled a special election to rectify Newbern's past failure to hold elections for town councilmembers. Plaintiffs dispute that the Defendant Town of Newbern and these individuals had the authority to schedule any elections and Plaintiffs assert that Defendant improperly executed steps to notify Plaintiffs and other residents of Newbern about any special elections in 2020.

6. A factual dispute exists regarding who has lawful authority to serve as mayor and town councilmembers and whether any special election held in 2020 was conducted according to Alabama law.

7. Plaintiffs moved for a preliminary injunction requesting special elections in 2024. *See* Mot. for Prelim. Inj., ECF No. 81. An evidentiary hearing was held. Though this Court found that "Plaintiffs are likely to succeed on the merits of their substantive due process claim," this Court declined to grant immediate relief because Plaintiffs did not establish "the element of urgency needed for preliminary injunctive relief." Order, ECF No. 93, May 10, 2024.

8. Upon the Town of Newbern's motion to dismiss, the Court dismissed all claims under 42 U.S.C. § 1985(3) and ordered the dismissal of all official capacity claims and individual claims previously pled against the de facto mayor and councilmembers but otherwise permitted this action to proceed. Order, ECF No. 95, May 14, 2024. Specifically, the Court held that Plaintiffs stated a plausible VRA Section 2 claim, *Anderson-Burdick* claim under the First and Fourteenth Amendments, and intentional racial discrimination claim under the Fourteenth and Fifteenth Amendments. The Court's order accepted the Plaintiffs' allegations as true at this stage of the litigation, as required by the Federal Rules of Civil Procedure.

9. The Defendant Town of Newbern, through the mayor and town council, is responsible for implementing and enforcing the actions described in this MOU, and each party has the power to enter into this MOU. *See Dillard v. Crenshaw County*, 748 F. Supp. 819, 828 (M.D. Ala. 1990) (citing *Tallahassee Branch of NAACP v. Leon County.*, 827 F.2d 1436, 1440 (11th Cir. 1987)).

10. The Parties agree that Defendant's failure to administer elections prior to 2020 discriminated against Plaintiffs in violation of the Fifteenth Amendment, Equal Protection Clause of the Fourteenth Amendment and Section 2 of the Voting Rights Act, and that Defendant violated Plaintiffs' right to vote under the First and Fourteenth Amendments.

11. Plaintiff Braxton is the lawful mayor of Newbern effective the date of this order, and he shall hold all the powers, privileges, duties, responsibilities, privileges, authority, benefits and all other rights enjoyed by prior mayors and entrusted to the mayor of Newbern under Alabama state law.

12. All town council positions and town clerk positions are vacant. All individuals holding themselves out as town officials or otherwise acting on behalf of the Defendant Town of Newbern, excluding Plaintiff Braxton, will resign and/or cease all responsibilities with respect to serving in any town position or maintaining any town property or accounts effective the date of this order.

13. Defendant and any officials purporting to act on behalf of the Defendant shall immediately grant Plaintiff Braxton access to all official documents, accounts, and town property or take such actions as necessary to permit such access and comply with this MOU.

14. The Defendant shall retain all records concerning or relevant to the subject matter of this action, this MOU, or their efforts to comply with this MOU or any other injunctions or orders entered by the Court in this litigation. Upon request, the Defendant shall produce all non-privileged information and copies of any such materials to Plaintiffs within thirty (30) days.

15. The Parties shall endeavor to act in good faith to resolve any disagreements arising under this MOU before applying to this Court. The Parties agree that the Defendant must subject future changes related to voting and eligibility to vote in municipal elections in Newbern for preclearance review under Section 3(c) of the Voting Rights Act, 52 U.S.C. § 10302(c) until January 1, 2030, unless either party returns to Court seeking an extension of this timeframe based on a showing of good cause.

## II.    RELEASE AND SETTLEMENT AGREEMENT.

16. For and in consideration of the acts performed by all parties to facilitate this MOU and for other good and valuable consideration mentioned below, receipt and sufficiency of which are hereby acknowledged, the RELEASORS do for themselves, and for their heirs, executors, family members, administrators, assigns, and for all those who might claim through them hereby release and discharge the RELEASED PARTIES, town councilmen, officers, appointed officials, agents, representatives, administrators, employees, successors in interest, insurers, and attorneys affiliated

with the Town of Newbern; and Alabama Municipal Insurance Corporation, its parent companies, subsidiary companies, related entities, subcontractors, officers, directors, agents, employees, assigns, successors in interest, insurers, and attorneys, from any and all claims, demands, damages, injuries, loss, benefits, or expenses, both those known and unknown, including those presently existing, formerly existing, and which may hereafter arise, related directly or indirectly or in any way arising out of this lawsuit, and to any injury or damages or other loss that RELEASORS did or might have sustained as a result of any act or omission of THE RELEASED PARTIES occurring before the execution of this release.

17. RELEASORS and Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker have determined to reach a compromise without admission of wrongdoing by either RELEASORS or Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker, but rather in an effort to avoid further legal action and to forever end the strife between RELEASORS and Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker.

18. RELEASORS understand that this MOU is the compromise of a disputed issue and that the MOU is not to be construed as an admission of liability on the part of Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker and that Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker specifically deny having engaged in any wrongful practice, or other unlawful conduct. RELEASORS and Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker enter into said MOU to avoid further protracted adversarial proceedings and to fully and finally end strife and disagreement between RELEASORS and Haywood Stokes, III, Gary Broussard, Jesse Donald Leverett, Voncille Brown Thomas, and Willie Richard Tucker.

19. RELEASORS acknowledge and assume all risk, chance, and hazard that said injury, damage, or loss may be or may become permanent, progressive, greater, or more extensive than is now known, anticipated, or expected. Without in any way limiting the foregoing, it is the intent of RELEASORS to release and discharge all the above-named and described parties from any and all claims, demands, and causes of action asserted, or which could be asserted. The RELEASORS further agree to dismiss, with prejudice, all claims and causes of action pertaining to the above-named and described parties in said lawsuit, and further agree to execute all documents and perform all acts necessary to accomplish said dismissal.

20. Beginning one (1) month after the entry of this MOU and continuing every three months thereafter until December 31, 2025, the Parties agree to submit a joint status report to the Court detailing the progress and actions taken to implement this MOU.

21. The Parties agree that an ambiguity exists in the Alabama Code with respect to how a mayor should fill town council positions when all town council positions are vacant. The Parties further agree that this legal ambiguity should be resolved by Mayor Braxton submitting names to the Governor of the State of Alabama to fill the vacant town council positions pursuant to Alabama

Code §11-44G-l (a)(1). Mayor Braxton will submit these names within fourteen (14) days after the Court's entry of the Stipulation of Settlement and Proposed Order submitted with this MOU.

22. In the event that the Governor of the State of Alabama does not fill the positions of town council members, pursuant to Alabama Code §11-44G-1 (a)(2), the Code provides that the Governor is to notify the Probate Judge of Hale County to declare a special election pursuant to Alabama law.

23. Upon this notification, the Code provides that the Probate Judge of Hale County must declare a special election and Plaintiff Braxton will, in accordance with state and federal law, administer a special municipal election. Should this special election occur, the Parties will make every reasonable effort for it to be held by December 31, 2024.

24. The Parties agree that Plaintiff Braxton will be responsible for conducting the regularly scheduled municipal election in 2025 with the town council. The terms of all officials elected or appointed before the regularly scheduled 2025 municipal election, including Plaintiff Braxton, will expire under the timeline provided by Alabama law governing the regularly scheduled 2025 election.

25. The Parties agree to hold a public town meeting at the Newbern Town Hall no later than August 30, 2024, to provide the residents of Newbern information about this MOU, Plaintiff Braxton's responsibility to submit names to the Governor for appointments to the vacancies, the possibility of a 2024 special election, and the mandate of having municipal elections in 2025. Notice of such a joint Town Hall meeting will be provided by posting paper notice with the date and time of the meeting at the Newbern post office, library and town hall.

26. RELEASORS and THE RELEASED PARTIES hereby expressly acknowledge that this MOU has been separately reviewed by them, or by some representative or person selected by them to review and explain this release to them; that they have read, or have had this release read to them, and understand said release in full; and that they further agree that insofar as any evidentiary presumptions or constructions are involved, this document is to be construed as having been drafted by all parties concerned. RELEASORS and THE RELEASED PARTIES further agree that no promises or representations have been made regarding this document other than what is specifically stated herein, and that no party is acting under duress or has been otherwise subjected to unfair inducement regarding the entering of the MOU. By signing this MOU, RELEASORS agree that they understand that this agreement is a complete and total release of any and all claims that they have made or could make against THE RELEASED PARTIES for any reason whatsoever, including but not limited to any claims they may have against THE RELEASED PARTIES.

27. THE RELEASED PARTIES will agree that an independent audit will be conducted of town funds and assets within a reasonable timeframe following the execution of this MOU. An independent audit is done to protect both parties from allegations of wrongdoing. Haywood Stokes, III, and Patrick Braxton will agree to an independent auditor within fourteen (14) days of the Court's entry of Stipulation of Settlement and Proposed Order submitted with this MOU. The independent auditor will be paid with existing town funds.

28. RELEASORS agree that the stipulations, terms, and conditions of this release are contractual and not mere recitals.

29. This MOU is made and entered into in the State of Alabama, and shall in all respects be interpreted, enforced and governed under the laws of said State and any relevant federal law.

30. As used in this MOU, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

31. Each signatory to this MOU represents and warrants that they are fully authorized to enter into this agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

32. This agreement is effective when signed by all parties hereto.

Dated: July 23, 2024

**For Plaintiffs:**

/s/ Morenike Fajana
Morenike Fajana*
Leah Wong*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
P: (212) 217-1690
mfajana@naacpldf.org
lzwong@naacpldf.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

/s/ Richard P. Rouco
Richard P. Rouco
George N. Davies
QUINN, CONNOR, WEAVER,
DAVIES & ROUCO, LLP
2 – 20th Street North
Suite 930
Birmingham, AL 35203
P: (205) 870-9989
rrouco@qcwdr.com
gdavies@qcwdr.com

**For Defendant:**

*/s/ Rick Howard*
Rick Howard
Morgan Booker Beckman
HOLTSFORD GILLILAND HITSON
HOWARD STEVENS
TULEY & SAVARESE, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
P: (334) 215-8585

*Counsel for Defendant*